495 So.2d 277 (1986)
Warren J. AZZARA, Jr., Appellant/Cross-Appellee,
v.
Jane WALLER, Appellee/Cross-Appellant.
No. 85-2934.
District Court of Appeal of Florida, Second District.
October 3, 1986.
Paul F. Probst, Jr. of Larson, Conklin, Stanley, Probst & Gassman, P.A., Belleair Bluffs, for appellant/cross-appellee.
Charles D. Waller of Waller & Hersch, Dade City, for appellee/cross-appellant.
LEHAN, Judge.
This is an appeal and cross appeal from the trial court's decision not to decide at this time whether the eight-year-old daughter of a dissolved marriage should bear the surname of her natural father or the surname taken by the mother upon the mother's remarriage. The mother has primary custody of the child. The child lives with her mother and stepfather.
The mother filed a petition to change the surname of the child to that taken by the *278 mother upon her remarriage. The natural father counterclaimed to enjoin the mother from allowing or encouraging the child to be known by any surname other than his. The trial court's final judgment denied both the petition and the counterclaim.
The natural father has appealed, and the mother has cross appealed. Upon consideration of the extensive record, the well-presented arguments for both sides, and the trial judge's findings and conclusions, we affirm.
The final judgment reads as follows.

Final Judgment
This is an action brought by the mother of an eight year old girl to change the child's surname to that of the mother's husband. The child's father vigorously objects and demands that the Court enjoin the mother from requiring or encouraging the child to use the mother's surname.
The subject of this action, Mary Beth, was born on December 24, 1977, to Warren Joseph Azzara, Jr., and Jane Huckaby Azzara, his wife. Mr. and Mrs. Azzara were divorced on April 10, 1981, with Mrs. Azzara receiving primary custody of Mary Beth. On December 25, 1981, Mrs. Azzara married Charles Waller. Mr. Waller is a prominent attorney in Dade City. Mrs. Waller is a member of the very prominent Huckaby family of Dade City. Mr. Azzara currently lives in New York.
The law by which this Court must be guided in deciding this case appears clear. The Court should order a change of a minor's surname over the objection of one parent only where the evidence affirmatively shows that such change is necessitated by the welfare of the child. Lazow v. Lazow, 147 So.2d 12 (Fla. 3d D.C.A. 1962).
The evidence in this case is that the child's mother wants the child's surname changed but the child's father does not. The father testified that he does not care what name the child uses of her own volition but doesn't want her forced or coerced to use the name "Waller".
Mary Beth herself did not testify but several people testified about their discussions of this name-change with Mary Beth, including two very reputable and qualified psychologists.
All of the evidence seems to indicate that Mary Beth is currently very disinterested (she said "bored") in all of the adult interest in her surname and somewhat puzzled by it. Apparently she uses the name "Waller" around Dade City and the name "Azzara" when she is with her father. It also appears clearly that she warmly loves her mother, her father and her step-father, and feels very secure in their love for her. She refers to both her father and her step-father as "Daddy" and when she feels it necessary to distinguish between them refers to her father as her "Daddy in New York" and her step-father as her "Daddy here".
One of the psychologists, Dr. Sidney Merin, testified that in his opinion the best interests of the child would be served by changing her name to "Waller". He also testified that it was his professional philosophy that all children should have the same name as the family they live with. He believes that children with a different name means something is wrong and therefore feel guilty.
The other psychologist, Dr. Robert Kline, testified that in his opinion it would not be in the best interests of the child to change her name. In his opinion changing the child's name to Waller would cause estrangement from her natural father and would eliminate her current freedom to use either the name "Waller" or the name "Azzara" as she chooses. Dr. Kline believes that Mary Beth's discretion to use the surname of either "Waller" or "Azzara" should remain unfettered by either judicial pronouncement or parental pressure. In his opinion: "She knows that she has two names that represent the families she loves very much."
Although not as authoritative as the pronouncement of the Third District Court of Appeal in Lazow, supra, the English playright [sic], William Shakespeare more poetically discussed the value of a surname in his play Romeo and Juliet. In scene two *279 of that play, he has Juliet Capulet say to Romeo Montague (Though she does not know that Romeo is listening):
"O Romeo, Romeo! wherefore art thou Romeo?
Deny thy father and refuse thy name;
Or, if you wilt not, be but sworn my love,
And I'll no longer be a Capulet.
"Tis but thy name that is my enemy;
Thou art thyself, though not a Montague.
What's Montague? It is nor hand, nor foot,
Nor arm, nor face, nor any other part
Belonging to a man. O, be some other name!
What's in a name? That which we call a rose
By any other word would smell as sweet;
So Romeo would, were he not Romeo call'd,
Retain that dear perfection which he owes
Without that title, Romeo, doff thy name,
And for thy name which is no part of thee
Take all myself."
However, although for young Mary Beth and the fictional Juliet, surnames may be unimportant or even sometimes a nuisance, for adults surnames are an important part of identity. Dr. Merin seemed to believe that changing Mary Beth's surname now was of diminished importance because she is a girl and will change her name by marriage in a few years in any event. But Mrs. Waller belied the diminished importance of surnames to girls when she testified  with justifiable pride  that her name is "Jane Huckaby Waller". Furthermore, not all modern girls adopt the name of their husband when they marry.
Therefore, after careful consideration of the evidence, this Court finds that the evidence does not establish that a change of Mary Beth's surname is necessitated by the welfare of the child. Nor does this Court find any justification to enjoin Mrs. Waller from requiring or persuading Mary Beth to use the surname "Waller". It appears that Mrs. Waller wants Mary Beth to use the surname "Waller" and Mary Beth knows that, but except perhaps for that sign on her front door welcoming home "Mary Beth Waller" she has been very circumspect in expressing that desire to Mary Beth.
Furthermore, this court finds that it would be contrary to the best interests of Mary Beth for this Court to do anything at this time that would in any way fetter Mary Beth's freedom to use whichever surname with which she feels the most comfortable. When her surname becomes important to her, she can decide this issue for herself and leave this Court to decisions with which it feels much more comfortable.
It is therefore
ADJUDGED that the Petition for the change of the surname of Mary Beth Azzara and the Petition for an injunction prohibiting Mrs. Waller from requiring or encouraging Mary Beth Azzara to use the surname "Waller" both are hereby denied and all parties may go hence without day.
DONE AND ORDERED in Chambers, Dade City, Pasco County, Florida, this 22 day of November, 1985.
 /s/ Wayne L. Cobb,
 Circuit Judge
Implicit in the final judgment is a recognition that the child's best interests have been served by her mother and stepfather. We cannot disagree with the trial judge that this is a case in which justice presently is best served by not imposing a judicial solution to a dispute.
Affirmed.
DANAHY, C.J., and FRANK, J., concur.