Margaret M. GHETE; the East One–Half (E½) of the East One–Half (E½) and the West One–Half (W½) of the East One–Half (E½) of Lot Three (3), Block Forty–Five (45), Original Townsite of Anchorage, Anchorage Recording District, State of Alaska, Appellant,

v.

ANCHORAGE, a municipal corporation, Appellee.

No. S–7584.

Supreme Court of Alaska.

Nov. 28, 1997.

Dawn Reed–Slaten and Keenan Powell, Powell & Slaten, L.L.C., Anchorage, for Appellant.

Cliff John Groh, Assistant Municipal Attorney, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COMPTON, C.J., and MATTHEWS and BRYNER, JJ.

### OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Margaret Ghete appeals the superior court's denial of her Alaska Civil Rule 60(b)(6) motion. She argues the superior court abused its discretion, because she never authorized her attorney to settle her claim, and because her attorney violated rules of professional conduct by taking legal positions contrary to her express wishes. Ghete failed to preserve for challenge on her direct appeal the authority of her attorney to enter into the settlement. She may not now challenge that authority. We affirm.

## II. FACTS AND PROCEEDINGS

In 1985 the Municipality of Anchorage (Municipality) sued to condemn property owned by Margaret Ghete. It filed a Declaration of Taking and placed $375,000 in escrow. Attorney A. Robert Hahn, Jr. entered his appearance as Ghete's attorney in December 1988. Since the Municipality and Ghete could not agree on the reasonable value of the property, the superior court appointed a master to take evidence and ascertain the amount to be paid to Ghete. Alaska R. Civ. P. 72(h)(3).

In December 1992, the master held a hearing to ascertain the amount to be paid to Ghete. The master concluded that Ghete should receive $440,000. That was $65,000 more than the Municipality had placed in escrow.

Hahn negotiated with Ann Waller Resch, a Deputy Municipal Attorney, in an effort to settle the case. At some point during settlement discussions, Hahn became ill and was hospitalized.

On May 11, 1993, Resch offered to settle for $100,000 more than the $375,000 the Municipality had placed in escrow. Ghete and Hahn disagree on what happened next. Hahn claimed that, after discussions with Resch, he received from the Municipality an offer to settle for $110,000, which, together with the $375,000, resulted in total compensation of $485,000. He also claimed that he made the settlement offer absolutely clear to Ghete on or about May 11. Hahn further claimed that Ghete authorized him to settle for $110,000. He communicated Ghete's acceptance of the settlement to Resch on or about May 17. Ghete claimed she authorized Hahn to continue to represent her, but never agreed to a $110,000 settlement.

Hahn met with Ghete the same day that a settlement conference was scheduled before Superior Court Judge Brian C. Shortell. Hahn submitted to the court a settlement conference brief and his affidavit. Ghete claims she was never given an opportunity to review these documents. Hahn knew by the day of the settlement conference that Ghete did not want to accept the $110,000 settlement. His affidavit states that "Mrs. Ghete

has subsequently refused to accept the $110,-000...."

At the settlement conference Ghete objected to the settlement. Ghete told Judge Shortell, "I cannot accept the offer." During the settlement conference, Judge Shortell stated, "I'm not saying, at this point, definitively that this is a settled case." He asked the parties to file a motion and response and submit any documents.

The Municipality moved the court to enter judgment on the settlement agreement. Ghete opposed the Municipality's motion, submitting her own affidavit, which had been prepared by Hahn. Ghete's affidavit did not allege that the settlement agreement was unauthorized. Instead, her affidavit focused on a dispute over whether the Municipality had paid for one or two parcels of her property. The superior court entered final judgment, enforcing the $110,000 settlement agreement. Ghete appealed the superior court's decision *pro se.*

On appeal, Ghete attempted to raise as an issue the validity of the settlement agreement, i.e., that she had not authorized Hahn to accept the Municipality's offer. This court concluded that Ghete had failed to raise in the superior court the issue of an unauthorized settlement. We affirmed the superior court, noting that

> [b]ecause Ghete's statements in open court and her Opposition to Judgment did not dispute her counsel's authority to enter into an agreement or the terms and existence of that agreement, we find that the terms of the settlement agreement set forth in [the Municipality's] Motion to Enter Judgment and her counsel's attached affidavit are effectively uncontested.

*Ghete v. Anchorage,* Mem. Op. & J. No. 775 at 5 (Alaska, May 3, 1995).

Ghete then retained a different attorney and moved for relief from the judgment, pursuant to Alaska Civil Rule 60(b)(6).[1] The superior court denied the motion without oral or written findings. Ghete appeals.

1. Alaska Civil Rule 60(b) provides:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

## III. DISCUSSION

### A. Standard of Review

■ Motions for relief from judgment under Civil Rule 60(b) are committed to the sound discretion of the trial court; we will reverse the trial court's decision only for an abuse of discretion. *See Palmer v. Borg–Warner,* 838 P.2d 1243, 1246 (Alaska 1992). An abuse of discretion exists when we are left with a definite and firm conviction, based on the record as a whole, that the trial court made a mistake. *Id.* at 1247.

Ghete points out that the standard for a Civil Rule 60(b) motion that involves a question of law might be different than abuse of discretion. However, Ghete does not demonstrate any legal question that suggests we should deviate from the abuse of discretion standard usually applied to Civil Rule 60(b) motions.

### B. A Civil Rule 60(b) Motion Is Not a Cure for Failure to Timely Raise an Issue at Trial and Present that Issue on Direct Appeal.

■ We determined in Ghete's direct appeal that she did not raise in the superior court the issue of the validity of the settlement agreement, and that the issue was not before us. She raised only the issue of whether the Municipality improperly listed her property as a single parcel, and thereby failed to compensate her for one of the two parcels it condemned. Alaska Civil Rule 60(b) is not intended to give Ghete a second chance to raise an issue that she failed to raise at that time.

Ghete argues she should not be "held accountable" for failing to argue that the settlement agreement was unauthorized, because *pro se* litigants are held to less stringent standards than attorneys. It is true that this court has allowed *pro se* litigants certain latitude. *See Smith v. Sampson,* 816 P.2d 902, 906 (Alaska 1991) (reaching issues not raised in *pro se* litigant's statement of points

....

(6) any other reason justifying relief from the operation of the judgment.

on appeal, after determining he attempted to comply with Alaska Appellate Rule 210(e)); *Breck v. Ulmer,* 745 P.2d 66, 75 (Alaska 1987) (holding that pleadings of *pro se* litigants should be held to less stringent standards than those of lawyers). However, we have never relaxed the substantive requirements of Civil Rule 60(b) because of a litigant's *pro se* status.

Civil Rule 60(b)(6) motions are not intended to be used as a substitute for proper litigation of a case. *See Allen v. Bussell,* 558 P.2d 496, 502 (Alaska 1976). Ghete's only explanation of why she did not challenge the validity of the settlement in her opposition to the Municipality's motion for judgment is that Hahn prepared her affidavit in that case. While she repeatedly asserts that Hahn failed to let her review the settlement brief and his affidavit, she must have reviewed her own affidavit; she signed it.

"Civil Rule 60 ... does [not] allow relitigation of issues that have been resolved by [a] judgment." *Burrell v. Burrell,* 696 P.2d 157, 163 (Alaska 1984). Ghete cannot use a Civil Rule 60(b) motion to cure her failure to timely raise in the superior court the issue of the validity of the settlement and to present that issue on direct appeal.[2]

## IV.  *CONCLUSION*

The judgment of the superior court is AFFIRMED.

EASTAUGH and FABE, JJ., not participating.

---

**2.**  In view of our disposition of this issue, it is unnecessary to consider any other issues in the case.