Julia **PIEPER**, Appellant,

v.

Ann Van Dorn **MUSARRA**, Appellee.

No. S–7636.

Supreme Court of Alaska.

March 27, 1998.

Rehearing Denied June 11, 1998.

Julia Pieper, pro se, Anchorage.

J.L. McCarrey, III, Law Offices of McCarrey & McCarrey, Anchorage, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

The superior court dissolved the partnership that Julia Pieper and Ann Van Dorn Musarra formed to run a recreational vehicle (RV) park. Pieper raises numerous claims of error, attacking every superior court finding of fact and conclusion of law. With one exception, we affirm.

### II. FACTS AND PROCEEDINGS

Pieper and Musarra agreed to jointly develop and operate an RV park on property they had acquired near Ninilchik. They opened the park in the summer of 1991 after developing the property. According to the partnership's tax returns, the park lost money every year it was open. Musarra testified that she and Pieper began to disagree in 1992. Pieper refused to sell her interest, and Musarra unsuccessfully attempted to sell Musarra's half interest by listing it for $120,000 with a real estate agent in 1993.

The State Department of Labor, Labor Standards and Safety Division, had found electrical code violations at the park in 1991 and required upgrades by the summer of 1993. The upgrades were not made. In summer 1993 the continuing electrical code violations caused increased tension between the partners. Pieper did not want to make the improvements. In March 1994 the State granted the park another extension to make the electrical upgrades. Before the park opened in 1994, Musarra, without Pieper's agreement, made the upgrades. They cost about $10,000.

After unsuccessfully offering to buy Pieper's interest in the park, Musarra sued to dissolve the partnership. Pieper answered and filed a counterclaim seeking damages for Musarra's actions.

The superior court dissolved the partnership. The court found that the partnership's value was $105,000, that the partnership's debt was $41,338, and that Musarra's contributions exceeded Pieper's by $21,210. The court found that Musarra should be allowed to purchase Pieper's interest, and determined that Musarra owed Pieper $13,953 for that interest. The court calculated the value of Pieper's interest as follows:

| | |
|---|---|
| $ 105,000.00 | Value of Partnership/ Assets |
| - 11,500.00 | Estimated Real Estate Commission of ten per cent (10%) and Estimated closing costs. |
| - 41,338.00 | Partnership Debt |
| $ 52,162.00 | Net Partnership Value |
| $ 52,162.00 ÷ 2 | Net Partnership Value (Number of Partners) |
| $ 26,081.00 | Each Partner's Interest |
| - 10,605.00 | Amount of additional contribution Owed [Musarra] by [Pieper] |
| - 1,523.00 | Amount of Previously Awarded Costs |
| $ 13,953.00 | Amount Owed [Pieper] by [Musarra] |

The court also dismissed Pieper's counterclaim with prejudice and enjoined Pieper from interfering with Musarra's ownership of the partnership assets. Pieper appeals.

## III. *DISCUSSION*

### A. *Standard of Review*

We review the trial court's factual findings under the clearly erroneous standard. *See* Alaska R. Civ. P. 52(a); *see also Wright v. Wright*, 904 P.2d 403, 405 n. 1 (Alaska 1995). "To reverse, we must have a definite and firm conviction that a mistake has been made." *Kilmer v. Dillingham City Sch. Dist.*, 932 P.2d 757, 763–64 (Alaska 1997) (citing *City of Hydaburg v. Hydaburg Coop. Ass'n*, 858 P.2d 1131, 1135 (Alaska 1993)).

We apply our independent judgment in reviewing questions of law, such as interpretations of Alaska's Uniform Partnership Act. *See Pullen v. Ulmer*, 923 P.2d 54, 58 (Alaska 1996) (citing *Croft v. Pan Alaska Trucking, Inc.*, 820 P.2d 1064, 1066 (Alaska 1991)). Under this standard, we adopt "the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. *Whether the Superior Court Erred in Making Its Findings of Fact and Conclusions of Law*

#### 1. *Real estate commission*

Pieper argues that the partnership value should not have been reduced by an estimated real estate commission. The superior court deducted $11,500 from the value of the partnership to reflect the cost of selling the property through a real estate agent. There was no evidence that the property would be sold. Entry of the permanent injunction preventing Pieper from interfering with the property implies that the superior court assumed Musarra would not sell the property. Absent a finding, supported by evidence, that the property would be sold, it was error to deduct an expense the parties were not likely to incur. The net value of each partnership interest must consequently be adjusted. Pieper will recover an additional $5,750.

#### 2. *Restraining order*

Pieper argues that the superior court erred in granting Musarra a restraining order. We conclude that the superior court did not abuse its discretion in permanently enjoining Pieper from interfering with Musarra's use and occupancy of the partnership's assets. There was sufficient evidence before the superior court to justify entry of the injunction, given the fact that Pieper had improperly filed a lis pendens against Musarra's property and the evidence of the acrimonious and contentious nature of the relationship.

#### 3. *Remaining issues*

Pieper appears pro se in this appeal. We generally apply a more lenient standard for pro se litigants. *See, e.g., Smith v. Sampson*, 816 P.2d 902, 906 (Alaska 1991) (noting that relaxation of Alaska Appellate Rule 210(e) might be appropriate for pro se litigant); *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of pro se litigants should be held to less stringent standards than those of lawyers."). Although we have independently reviewed the trial transcript, we note that Pieper has not demonstrated the existence of evidence that would compel findings different from those entered by the superior court (other than the reduction discussed in Part III.B.1 for the real estate commission). We also conclude that she has generally failed to demonstrate either merit to her remaining arguments or how she preserved those arguments in the superior court. Notwithstanding the leeway given to pro se litigants, the requirement that an issue be preserved by being presented in the superior court arises out of notions of judicial finality and efficiency, as well as fairness to the opposing party. Therefore the leeway we give to Pieper is limited.

Pieper argues that the court erred in admitting Musarra's evidence because Musarra failed to comply with a pretrial order requiring counsel to meet before trial and requiring Musarra to provide records to Pieper. We consider this argument waived because Pieper did not adequately brief it. *Gates v. City of Tenakee Springs*, 822 P.2d

455, 460 (Alaska 1991) (treating issues addressed cursorily or not at all in a party's appellate briefs as abandoned). Moreover, Pieper has not demonstrated how admission of the evidence prejudiced her. *See* Alaska R. Civ. P. 61; *see also Myers v. Robertson,* 891 P.2d 199, 208 (Alaska 1995).

Pieper also argues that the superior court erred: (1) in finding that "[t]he partnership agreement provided that there should be no definite term"; (2) in finding that the parties' relationship deteriorated over the term of the partnership; (3) in finding that there was an adequate accounting for valuing the partners' contributions and the partnership's debt and past and future income; (4) in failing to consider Pieper's 1994 and 1995 mortgage payments when determining the amount of her contributions; (5) in finding that the partnership agreement and the conduct of the parties required a reconciliation of capital contributions between the partners; (6) in finding that the partnership was worth only $105,000; (7) in finding that the partnership was dissolved and terminated on the day of trial; (8) in finding that all rights to the park's name should be given to Musarra; (9) in granting the dissolution; (10) in ruling that Pieper's interest should be conveyed for value without payment of the partnership debt; and (11) in dismissing Pieper's claim that Musarra breached the partnership agreement.

These arguments are without substantive merit because Pieper has failed to demonstrate that the court clearly erred in entering its findings. She has also failed to demonstrate that the superior court made an error in applying the Alaska Uniform Partnership Act, AS 32.05.010 *et seq.*

Furthermore, Pieper has not demonstrated that any alleged error in finding that the partnership was dissolved and terminated on the day of trial, and in dismissing her claim that Musarra breached the partnership agreement, prejudiced Pieper. *See* Alaska R. Civ. P. 61; *see also Myers,* 891 P.2d at 208. Pieper has not shown how the alleged errors would affect the outcome of the case.

▆ Pieper also failed to argue below that there was an inadequate accounting for valuing contributions, debt, and past and future income, or that all rights to the park's name should not be given to Musarra; we therefore consider these arguments waived. *See Groff v. Kohler,* 922 P.2d 870, 875 (Alaska 1996) ("Since [the argument] was not raised below, it cannot be pursued on appeal.").

## IV. *CONCLUSION*

We REVERSE and REMAND for correction of the amount of the judgment to eliminate the deduction for the real estate commission, and AFFIRM in all other respects.