**Gustavo ACEVEDO, Appellant,**

v.

**Denise BURLEY, N/K/A Denise Liberty, Appellee.**

**No. S–8079.**

Supreme Court of Alaska.

Dec. 30, 1999.

---

Gustavo Acevedo, pro se, Bethel.

Christopher R. Cooke, Hedland, Brennan, Heideman & Cooke, Bethel, for Appellee.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

MATTHEWS, Chief Justice.

The question presented is whether the trial court should have enjoined a divorced mother from changing the surname of her child without following statutory change of name standards. In accordance with the weight of authority in other jurisdictions we conclude that the statute should be followed and that the mother should be enjoined from informally changing the child's name.

Gustavo Acevedo and Denise Liberty were divorced in 1991. They have one child, Amanda Acevedo, born in June 1989. Denise was awarded custody of Amanda and Gustavo was granted reasonable visitation rights. The divorce decree provided that Denise could "continue or resume" use of her maiden name, Liberty. Denise married Mike Burley in 1993 and took his surname.

Denise registered Amanda for first grade in 1995 as Amanda Burley. Gustavo object-

ed and asked Denise to reregister Amanda under her legal name. When Denise took no action, Gustavo filed a motion requesting an order that "Amanda's proper name be used in all circumstances legally and personally." Denise opposed the motion. She contended that Amanda's legal name "is still Amanda Denise Ardene Acevedo" but that, "as a practical matter, Amanda prefers to identify herself as Amanda Burley in order to use the same last name as her mother with whom she lives." In reply, Gustavo contended that Denise's objective was a de facto change of Amanda's name. He also noted that Denise had registered Amanda's last name as Liberty for an airline mileage program. The superior court denied Gustavo's motion without stating reasons. Gustavo appeals from the order of denial.

Gustavo notes that whether a trial court should grant injunctive relief requiring that a child's real name be used is an issue of first impression in Alaska. He argues that precedent in other jurisdictions confirms that injunctive relief is generally appropriate.

Denise filed no brief on appeal. But her attorney filed a one-page letter stating that she lacked the resources to participate formally. Her attorney's letter asserts that a person, including a child, "can adopt and abandon at will any surname" so long as it does not infringe on the rights of others, and is not done "for fraudulent purposes." The letter also indicates that Denise had divorced Mike Burley and reassumed her maiden surname, Liberty.

The parties agree that Amanda's legal surname is Acevedo. Alaska has a statute governing name changes [1] and a civil rule which sets out the procedure for name changes.[2] Under the statute, a change of name "may not be made unless the court finds sufficient reasons for the change and also finds it consistent with the public interest."[3] Under Civil Rule 84(e) if a parent objects to the proposed name change of a child, the court "shall only grant the name change if the court finds the name change to be in the best

---

1. AS 09.55.010.

2. Alaska R. Civ. P. 84.

3. AS 09.55.010.

interest of the child."[4] The desires of a child "old enough to express the same" should also be considered in determining whether to grant a requested name change.[5] The statutory and civil rule change of name provisions have not been followed in this case.

As we will discuss, cases in other jurisdictions generally support Gustavo's contentions that a custodial parent may not change a child's name without following applicable change of name statutes and that efforts to effect a de facto name change should be enjoined.

*In re Marriage of Presson*[6] represents these views. In many respects the facts were similar to those presented here. The mother was a custodial parent of the parties' seven-year-old child.[7] She initially sought both a legal and a de facto change of the child's surname to that of her new husband.[8] The father requested an injunction.[9] The mother agreed not to attempt a legal name change. The trial court enjoined efforts to make a de facto change, ordering the mother and the child to use only the child's legal name.[10] On appeal the intermediate appellate court reversed on the basis that the trial court had "virtually ignored" the child's testimony that he wanted to use the mother's new name while living with the mother and the father's name while visiting the father.[11]

The Supreme Court of Illinois reversed the decision of the intermediate court. It rejected the mother's contention that the child had a common-law right to change his name without resort to legal proceedings. The court held that a change in a minor's surname "shall be allowed only when the court finds that change is in the best interest of the minor."[12] The court described the circumstances relevant to such a determination:

To determine the best interest of the child, the court should consider the express wishes of the child and of both parents, the stated reasons for the proposed change, the child's age and maturity, the nature of the family situation, the strength of the tie between the child and each parent, any misconduct toward or neglect of the child by the parent opposing the change, and the name by which the child has customarily been called.[13]

The *Presson* court also disagreed with the intermediate court's conclusion that the trial court erred in not giving weight to the seven-year-old child's wishes:

The standard is the best interests of the child, but the child at this stage in his development is not necessarily an able judge of what his best interests are since neither his emotional nor his mental development are complete.[14]

While the *Presson* court upheld the trial judge's order requiring the mother not to change the child's name, the court noted that the terms of the order were too broad. The order seemed to extend

to informal situations within the family. There are some relationships which the law does not have the capacity to control— the name a child asks others to call him on the playground is one of them. It would be extremely difficult to enforce such an order. . . .

Although we appreciate that the consistent use of a single name is important to the child's emotional development, we will not approve the entry of an order which the circuit court cannot enforce. Thus, we cannot prevent [the mother] from calling her son [by his stepfather's surname] or by any other name or nickname within her own living room, and no order should be

4. Alaska R. Civ. P. 84(e).

5. *Id.*

6. 102 Ill.2d 303, 80 Ill.Dec. 294, 465 N.E.2d 85 (1984).

7. *Id.* at 86, 80 Ill.Dec. 294.

8. *Id.*

9. *Id.*

10. *Id.*

11. *Id.*

12. *Id.* at 87, 80 Ill.Dec. 294.

13. *Id.* at 88, 80 Ill.Dec. 294.

14. *Id.*

directed towards enjoining her from referring to him by a name other than [that of the father] within the family confines.[15]

In accordance with these observations, the Illinois Supreme Court directed that the injunction be narrowed so that it merely prevented the mother from using any name other than the child's legal name "in any official records, including school, medical or hospital records or membership applications." [16]

We agree with the *Presson* decision. Other authorities that also hold that a custodial parent should be enjoined from making a de facto change of a child's name include *Brown v. Carroll;* [17] *Young v. Young;* [18] *Halloran v. Kostka;* [19] and *In Interest of Griffiths.*[20,21]

In accordance with *Presson* and the other case law cited above, we conclude that the trial court should have granted injunctive relief requiring that Amanda's real name be used in matters of record. But the court

need not enjoin all private or personal use by Denise or Amanda of another surname. Further, we do not intend to imply that Denise should be precluded from seeking a legal change of Amanda's surname pursuant to AS 09.55.010 and Civil Rule 84.

REVERSED and REMANDED for further proceedings consistent with this opinion.

EASTAUGH, Justice, with whom FABE, Justice, joins, dissenting.

Because the court holds that it was error to deny Gustavo's request for permanent injunctive relief despite the absence of evidence supporting that request, I dissent.

We should apply the abuse of discretion standard in reviewing the order that denied Gustavo's injunction request.[1] We apply this standard in reviewing temporary and preliminary injunctions,[2] and have applied it in reviewing restraining orders.[3]

---

**15.** *Id.* at 90, 80 Ill.Dec. 294.

**16.** *Id.*

**17.** 683 S.W.2d 61, 63 (Tex.App.1984) ("We hold that it is not in the best interest of the children for the mother to allow the use of the stepfather's name without a legal name change....").

**18.** 356 N.W.2d 823, 824 (Minn.App.1984) (De facto name change enjoined. "A name change risks alienating [the father] and jeopardizes the parent/child relationship. It risks confusion for [the child]. In contrast, there is no evidence to suggest that a name change is in the substantial best interests of [the child].").

**19.** 778 S.W.2d 454, 456 (Tenn.App.1988) (quoting 57 Am.Jur.2d *Name* § 14) ("[A] change of name merely to save the mother and child from minor inconvenience or embarrassment will not be authorized against the father's objection. Where, however, the child's substantial interests require a change of name, as where the father's misconduct has been such as to justify a forfeiture of his right, or where his name is positively deleterious to the child, the change may be permitted.").

**20.** 780 S.W.2d 899, 900–901 (Tex.App.1989) ("[Mother] had no right to unilaterally and extrajudicially change [child's] surname." "Even if this case did involve a petition for name change of a minor, which it does not, the burden would be on [the mother] to establish that the name

change would be in the best interest of the child.").

**21.** We know of only one contrary case, but find it unpersuasive. In *Azzara v. Waller,* 495 So.2d 277 (Fla.App.1986), the appellate court affirmed the judgment of the trial court which refused both to change the name of the eight-year-old child to that of her stepfather and to enjoin the mother from requiring or encouraging the child to use the stepfather's surname. The court left the matter to the child: "When her surname becomes important to her, she can decide this issue for herself and leave this Court to decisions with which it feels much more comfortable." *Id.* at 279. As the Illinois court did in *Presson,* we disagree with this rationale.

**1.** *See Carroll v. Carroll,* 903 P.2d 579, 582 n. 7 (Alaska 1995) ("We apply an abuse of discretion standard to the trial court's use of its equitable power."); *North Kenai Peninsula Rd. Maintenance Serv. Area v. Kenai Peninsula Borough,* 850 P.2d 636, 639 (Alaska 1993).

**2.** *See North Kenai Peninsula Rd. Maintenance,* 850 P.2d at 639 ("This court applies an abuse of discretion standard when reviewing an order granting a temporary injunction. The same standard applies when reviewing an order denying a preliminary injunction." (Citations omitted.)).

**3.** *Cf. Pieper v. Musarra,* 956 P.2d 444, 446 (Alaska 1998) ("Pieper argues that the superior court erred in granting Musarra a restraining order. We conclude that the superior court did not abuse its discretion in permanently enjoining

Gustavo filed a motion seeking an order requiring that the child's "proper name" be used. His motion papers asserted that Denise had enrolled Amanda in school as "Amanda Burley" in 1996; had not complied with Gustavo's request that the "proper name" of Acevedo be used "in all legal documents and in her presence"; and had arranged airline travel for "Amanda Liberty" in August 1996. He asked the court to enter an order requiring that "Amanda's proper name be used in all circumstances legally and personally." He submitted a proposed order that would have required Denise to tell Amanda "her last name is Acevedo and explain to Amanda that she is to only use the last name of Acevedo"; to use only the "proper name" of Acevedo on all documents; and to correct any documents using a different name.

Although it appears that Gustavo was seeking a permanent injunction, Gustavo's motion was not supported by any affidavit or equivalent document (verified motion or memorandum) demonstrating the absence of fact disputes. Moreover, he did not request a hearing or a trial on the merits so that he could present additional evidence.[4]

Denise opposed Gustavo's motion. Her attorney argued that Denise had not attempted to change Amanda's name legally; that Amanda, then seven, preferred the name of Burley; that no statute or rule prohibited Amanda from using a last name other than her "legal one"; that Gustavo had cited no supporting legal authority; and that Gustavo had alleged no facts indicating that using "Acevedo" would be in the child's best interests. Denise stated in an affidavit that Amanda's knowledge that her last name was different from Denise's had caused Amanda "some personal difficulty ... in dealing with friends, playmates and school"; that Denise understood Amanda's "last name legally is Acevedo"; that Denise "ha[d] not taken any steps to change" Amanda's last name; that

she believed requiring Amanda "always" to use her legal surname would cause Amanda "mental anguish and emotional distress"; and that she believed it was in Amanda's best interest to use the name "Burley" in dealing with friends and school. She denied any intent to limit Gustavo's visitation or other parental rights.

Gustavo filed a reply memorandum and an affidavit, in which he swore that Amanda had told him "on numerous occasions ... that I am not her father and that her mother told her she didn't have a father."

The superior court summarily denied Gustavo's motion.

An injunction should not be granted unless the movant establishes a state of facts justifying injunctive relief. Gustavo's motion papers did not establish facts entitling him to a permanent injunction. His original motion papers contained no fact averments made under oath. They alleged facts that were not confirmed in an affidavit. Denise's opposition did not concede the facts needed for an injunction, and her affidavit did not set out facts demonstrating that Gustavo was entitled to relief. Gustavo's reply to her opposition was supported by his short affidavit, but it did not contain factual allegations that would have justified entry of an injunction.

What facts had to be established? Under the court's view today, and considering the scope of the relief it grants,[5] apparently all that need be shown is that one parent might be using a name other than the child's legal name "in any official records, including school, medical or hospital records or membership applications."[6] It concludes that the superior court should have granted injunctive relief "requiring that Amanda's real name be used in matters of record."[7]

The facts before the superior court derive from Gustavo's unsworn motion and reply

---

Pieper from interfering with Musarra's use and occupancy of the partnership's assets.").

4. *See* Alaska R. Civ. P. 65(a), (b). Although these rules apply to preliminary injunctions and temporary restraining orders, if insufficient supporting evidence is filed with a request for a permanent injunction a hearing or trial should likewise be held.

5. On remand, the trial court is to enjoin Denise from making a de facto change of Amanda's name and issue an injunction requiring that Amanda's real name be used in all matters of record. Op. at 423.

6. Op. at 423.

7. *Id.* at 423.

memorandum and from unauthenticated exhibits including a school evaluation form for "Amanda Burley" and an airline itinerary for "Amanda Liberty." Simply attaching those pages to his motion was not sufficient to establish facts requiring injunctive relief.[8] Denise's opposition did not concede the truth of any of Gustavo's material fact assertions.

In my view, Gustavo did not sufficiently establish any facts that would have entitled him to an injunction under this court's view of the controlling law. I therefore conclude that the superior court did not abuse its discretion in denying Gustavo's motion.

Alternatively, we should affirm because a permanent injunction should not be granted if there are relevant unresolved fact disputes. Since this case poses unresolved and relevant fact disputes, I would hold that the superior court did not err in denying Gustavo's motion.

Denise produced evidence permitting but not compelling reasonable persons to conclude that a name change was in Amanda's best interests. This raised a genuine fact dispute. Was that dispute material to the injunction issue? The court's ruling today necessarily considers any question of the child's best interests to be irrelevant unless one parent has sought a formal name change.[9] There was no formal name-change petition here.

I am not prepared to hold that the child's best interests are altogether irrelevant in deciding whether to grant an injunction.

Nor am I prepared to hold that a request for an injunction must be granted just because there is a deviation from the child's legal name in "matters of record." Gustavo demonstrated no substantive reason why a name change was not in Amanda's best interests. And he cited no authority supporting his demand for an injunction. On appeal, he continues to argue, with no legal support, that he has an unqualified right to demand that Denise use Amanda's formal surname for all purposes on all occasions. Under these circumstances, the superior court did not abuse its discretion in denying his request for injunctive relief.

Such cases potentially raise disputes about whether a child's name may be changed by one parent over the other parent's objection without satisfying the requirements for a formal name change.[10] Policy arguments support each side on this issue. We have rarely considered name-change issues,[11] and have not previously resolved this issue. This appeal turns solely on whether Gustavo demonstrated that he was entitled to injunctive relief. Because I think he did not, I would affirm the superior court's denial of his motion.

---

**8.** *Cf. State v. Kluti Kaah Native Village of Copper Ctr.*, 831 P.2d 1270 (Alaska 1992) (single affidavit filed in support of injunction failed to establish necessary factors for issuance of injunction).

**9.** *See* Alaska R. Civ. P. 84; AS 09.55.010.

**10.** *See generally* Merle H. Weiner, *"We Are Family": Valuing Associationalism in Disputes Over Children's Surnames*, 75 N.C. L.Rev. 1625, 1761–77 (1997). *See also In re Marriage of Schiffman*, 28 Cal.3d 640, 169 Cal.Rptr. 918, 620 P.2d 579, 584 (1980) (Mosk, J., concurring) ("Since the law

has long recognized the ability and right of the parent with custody to choose among the innumerable alternative courses involving the child's welfare, I can see no rational reason to deny that parent a similar right to select the name with which the child will be more comfortable.").

**11.** *Cf. Lone Wolf v. Lone Wolf*, 741 P.2d 1187, 1191–92 (Alaska 1987) (rejecting appellant's contention that superior court—presiding over divorce action—had jurisdiction to change minor's name).