Kenneth S. ALEXANDER, Appellant,

v.

STATE of Alaska, DEPARTMENT OF CORRECTIONS, Appellee.

No. S–13264.

Supreme Court of Alaska.

Dec. 18, 2009.

Kenneth S. Alexander, pro se, Anchorage.

Stephanie Galbraith Moore, Assistant Attorney General, Anchorage, and Richard A. Svobodny, Acting Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, EASTAUGH, FABE, WINFREE, and CHRISTEN, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Kenneth Alexander is a former federal prisoner who had been temporarily housed at an Alaska Department of Corrections (DOC) facility. He sued DOC, alleging that it negligently failed to provide him with proper medical care for his injured hand. After a jury trial, he prevailed against the state. He contends on appeal that the trial court erred in granting the state's request for a directed verdict on his economic loss claims, and in denying him prejudgment interest, costs, and damages for future pain and suffering without a written ruling. We conclude that the trial court correctly granted the directed verdict and that the court did not deny Alexander damages for future pain and suffering. But we also conclude that it was error to deny him prejudgment interest and costs on past non-economic damages, and remand for further proceedings as to those issues. We affirm as to all other issues.

## II. FACTS AND PROCEEDINGS

In March and April 2005, while Kenneth Alexander was a federal prisoner temporarily housed in a DOC facility, he filed with DOC at least seven requests for medical care for his right hand. In response, DOC employees examined his hand, prescribed medication, applied a splint, and ordered x-rays. The x-rays, taken on March 23, revealed a bone fracture. Alexander asserted that he hurt his hand when it was caught or slammed in a steel cell door while he was in DOC custody; the state contended that he injured it by punching something, possibly before entering DOC custody. Alexander received no further medical care before he was transferred out of DOC custody in early April.

Alexander sued the State of Alaska, alleging that it negligently failed to provide him with proper medical care for his hand. During a three-day jury trial in August 2008 both sides presented medical witnesses who testified about the cause and effects of Alexander's injury, the recommended course of treatment, and the treatment he received from DOC. Alexander did not testify.

After Alexander presented his case, the state moved for a directed verdict on his economic loss claims. The trial court granted the motion, stating that "there ha[d] been no testimony of any economic loss." After the state rested, the court instructed the jury that it could award Alexander damages for past and future non-economic losses if it found that the state's negligence caused the losses.

The jury, using a special verdict form submitted by the state and edited by the court, found that both the state and Alexander were negligent, that the state's negligence caused $75,000 of non-economic damages to Alexander, and that the state was at fault for sixty percent of the damages. The special verdict form did not include instructions or spaces for the jury to distinguish between past and future losses. Upon return of the verdict, the state filed a proposed final judgment that did not award Alexander prejudgment interest or attorney's fees and included a blank line for award of "allowable costs." Alexander objected to the proposed final judgment, arguing that he was entitled to prejudgment interest, paralegal fees, and costs. The trial court signed the state's proposed final judgment without making any changes, and entered a final judgment against the state for $45,000 (sixty percent of the $75,000 damages found by the jury).

Alexander appeals the directed verdict on his economic loss claims and the denial of prejudgment interest and costs. He also seeks damages for future pain and suffering. He has appeared pro se throughout these proceedings.

## III. DISCUSSION

### A. Standard of Review

■ We review de novo the grant of a directed verdict [1] to determine "whether the evidence, when viewed in the light most favorable to the non-moving party, is such that reasonable persons could not differ in their judgment as to the facts." [2]

■ Whether a prevailing party recovering a money award is entitled to prejudgment interest is a question of law that we review using our independent judgment, "keeping in mind that such awards should be denied only to 'avoid an injustice.'" [3]

■ We review a trial court's cost award for abuse of discretion. [4]

### B. Whether It Was Error To Deny Alexander Economic Damages

■ In his complaint Alexander requested damages for economic loss from "past, present and future medical expenses" and "loss of work." At the close of Alexander's case, the state moved for a directed verdict on his economic loss claims. The trial court granted the motion, stating: "[T]here has been no testimony of any economic loss.... [W]ithout ... testimony ... providing ... data as to what economic loss is, there is no basis for a fact finder, the jury, the Court, anyone, concluding what it cost you in terms of wages, what it cost you in terms of anything."

■ We have held that "[t]he law does not permit a recovery of damages which is merely speculative or conjectural" and that the plaintiff bears the burden of providing "some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss." [5] A plaintiff must produce some "tangible evidence" of future loss, although it does not have to be "fixed with the same degree of

---

1. *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1117 (Alaska 2009).

2. *Cummins, Inc. v. Nelson*, 115 P.3d 536, 541 (Alaska 2005) (quoting *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 722 (Alaska 2003)).

3. *Sidney v. Allstate Ins. Co.*, 187 P.3d 443, 448 (Alaska 2008) (quoting *Cole v. Bartels*, 4 P.3d 956, 958 (Alaska 2000)).

4. *Sever v. Alaska Pulp Corp.*, 931 P.2d 354, 362 n. 13 (Alaska 1996) (citing *Kaps Transp., Inc. v. Henry*, 572 P.2d 72, 77 (Alaska 1977)).

5. *City of Fairbanks v. Nesbett*, 432 P.2d 607, 616 (Alaska 1967) (discussing proof required to recover for lost earning capacity).

certainty as [is] possible in the case of past earnings"[6] and other damages.

Alexander presented no evidence as to the amount of his past medical expenses or wages lost before trial. The state did not either. Alexander did not testify. As a result, there was no evidence on those damages claims and Alexander was not entitled to recover for those alleged losses.

■ To recover for future medical expenses, the plaintiff must prove (1) "to a reasonable probability that [the expenses] will occur," and (2) "the *amount* of such damages ... to such a degree as to allow the finder of fact to 'reasonably estimate the amount.'"[7] "[T]he jury cannot be allowed to speculate or guess in making allowance for future medical expenses; there must be some data furnished the jury upon which it might reasonably estimate the amount to be allowed for this item."[8] Several witnesses testified about Alexander's future pain and suffering and discussed "residual pain, weakness of grip and loss of range of motion" and "some impairment of function in activities of daily living." But no witness testified about the amount of his possible future medical expenses or otherwise provided the jury some means of putting a value on that claim. As a result, Alexander was not entitled to recover damages on his medical expense claim.

■■ To recover for lost earning capacity, a plaintiff must "offer some evidence of loss of earnings in the future as a result of his permanent injury and, if possible, the nature and extent of his loss."[9] There should be more evidence than that "which merely shows the nature of plaintiff's injuries and his vocation."[10] Alexander did not offer any evidence regarding his vocation, his past earnings, or his likely future earnings, nor did the state. Alexander was therefore not entitled to recovery for lost earning capacity.

Alexander did not testify, and he did not call any witnesses to testify about past or future losses, either medical or work-related. The state offered no evidence on these topics. Considering the dearth of evidence, even viewing the evidence in the light most favorable to Alexander, no reasonable person could disagree with the trial court's ruling. As a result, the directed verdict was appropriate.

■ Alexander's brief quotes Alaska Rule of Civil Procedure 94, which provides that the civil rules may be relaxed when "strict adherence to them will work injustice."[11] He makes no argument related to the rule. Even if we take Alexander's quotation of Rule 94 as an argument that the procedural rules of court should have been relaxed for him, the trial court was not required to relax Alexander's substantive burden of proving economic loss.[12] In any event, Alexander did not ask the court to rely on Rule 94 at trial; he therefore cannot now demonstrate that it was an abuse of discretion not to relax the rules.[13] Failing to relax the rules was certainly not plain error.

## C. Whether It Was Error To Deny Alexander Prejudgment Interest

■ Alexander's original complaint requested prejudgment interest on his damage

6. *Id.*

7. *Pluid v. B.K.*, 948 P.2d 981, 984 (Alaska 1997) (quoting *Blumenshine v. Baptiste*, 869 P.2d 470, 473 (Alaska 1994)) (emphasis in original); *see also Nesbett*, 432 P.2d at 618.

8. *Nesbett*, 432 P.2d at 618 n. 31 (quoting *Henderson v. Breesman*, 77 Ariz. 256, 269 P.2d 1059, 1061–62 (1954)) (alteration in original).

9. *Id.* at 616.

10. *Id.*

11. Civil Rule 94 states "[t]hese rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."

12. *See Pieper v. Musarra*, 956 P.2d 444, 446–47 (Alaska 1998) (not relaxing pro se litigant's burden of "demonstrat[ing] the existence of evidence"); *cf. Ghete v. Anchorage*, 948 P.2d 973, 975–76 (Alaska 1997) (explaining that we have relaxed procedural rules for pro se litigants but "have never relaxed the substantive requirements of Civil Rule 60(b)").

13. *See Pieper*, 956 P.2d at 447 (considering pro se litigant's arguments not raised at trial level waived).

award. Alexander argues that the trial court erred by failing to grant prejudgment interest. He asserts that prejudgment interest should have been granted on the entire award or, alternatively, that the case should be remanded for an explanation of the trial court's denial of prejudgment interest. The state argues that prejudgment interest should not be granted on the entire award, but agrees that the case should be remanded to the trial court for determination of what portion of the verdict compensates Alexander for past losses, and for award of prejudgment interest on that amount.

■■■ Prejudgment interest " 'should be denied only to avoid an injustice,' such as a double recovery."[14] Alaska Statute 09.30.070(c) provides that "[p]rejudgment interest may not be awarded for ... future noneconomic damages." The jury was instructed that it could award both past and future non-economic damages. The special verdict form prepared by the state and submitted to the jury did not distinguish between separate past and future non-economic damages or permit the jury to return separate awards on those two claims.

As the state requests, we remand for award of prejudgment interest on the portion of the jury verdict that can be attributed to past non-economic damages.[15] We leave it to the trial court on remand to decide how to separate past and future losses, and whether additional evidence is needed.[16]

14. *Cole v. Bartels*, 4 P.3d 956, 958 (Alaska 2000) (quoting *Tookalook Sales & Serv. v. McGahan*, 846 P.2d 127, 129 (Alaska 1993)).

15. *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1041 (Alaska 2002) (remanding to trial court for "recalculation without awarding prejudgment interest on the portion of the jury verdict attributed to future damages").

16. A second problem arises if the special verdict forms fail to differentiate between past and future money damages; the court is then unable to comply with Alaska Civil Rule 58.2. Among other things, Civil Rule 58.2 requires that judgments for payments of money itemize the principal amount of the judgment, the portion of the principal that accrues prejudgment interest, the prejudgment interest rate, and the date from which the prejudgment interest is to be calculated. Money judgments must conform with the sample judgment form published at the end of Civil Rule 58.2.

## D. Whether It Was Error To Deny Litigation Costs to Alexander

■■■ The trial court did not grant litigation costs to Alexander. Alexander argues that he is entitled to costs incurred in suing, including postage, transportation, copying, and "paralegal costs." The state argues that even though Alexander might have been entitled to recover costs, he did not properly request them.

Alaska Rule of Civil Procedure 79 allows a prevailing party to recover costs by filing a cost bill with supporting documents within ten days of judgment. If the party does not meet the deadline, the right to costs is waived.[17] Alexander, in his "Notice of Objection to Proposed Final Judgment," requested "costs and expenses incurred in connection with this case." He filed this notice six days after the state filed its proposed judgment and four days before the court issued the final judgment. Alexander did not file an itemized and verified cost bill as Civil Rule 79(b) requires.

■■■ Alexander's request for an award of costs was procedurally defective, but he nonetheless requested an award of costs. The trial court must "inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish" when he or she submits procedurally defective motions or requests.[18] The defective

17. Civil Rule 79(b) provides in part:

To recover costs, the prevailing party must file and serve an itemized and verified cost bill, showing the date costs were incurred, within 10 days after the date shown in the clerk's certificate of distribution on the judgment. Failure of a party to file and serve a cost bill within 10 days, or such additional time as the court may allow, will be construed as a waiver of the party's right to recover costs. The prevailing party must have receipts, invoices, or other supporting documentation for each item claimed.

18. *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099 (Alaska 1989) (holding that motion in opposition to motion for summary judgment filed without supporting affidavits triggers need for instructions from court, but failure to file "even a defective motion" does not trigger same duty).

request therefore triggered a need to tell Alexander how to proceed. Failing to do so was an abuse of discretion.[19]

■ Alexander's request for paralegal "costs," if considered a request for paralegal "fees," is covered by Rule 82(b)(2). That rule allows recovery of actual fees for legal work performed by a paralegal, but only in cases in which the prevailing party did not recover a money judgment.[20] Because Alexander recovered money damages, he is not entitled to recover actual paralegal fees.

### E. Whether the Court Denied Alexander Damages for Future Pain and Suffering

■ Alexander argues that the trial court erred by denying him damages for future pain and suffering. The state asserts that the trial court did not deny him damages for future pain and suffering.

■ The court instructed the jury that it could consider both past and future non-economic losses:

> You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering ... from harm legally caused by defendant's negligence. Such an award should fairly compensate the plaintiff for the non-economic losses he has experienced from the date of the injury until the date of the trial and for non-economic loss-

es that he is reasonably probable to experience in the future.

Having submitted the claim to the jury, the trial court did not deny Alexander damages for future pain and suffering. If Alexander believed that the jury was not adequately informed of his request for damages for pain and suffering, he should have objected to the special verdict form for its lack of itemization. But he did not object, and there was nothing inherently wrong with permitting the jury to make a lump sum award.[21] We must assume either that the jury did award damages for future pain and suffering[22] or chose not to do so.[23] Either way, it appears the jury addressed this damages item, and Alexander's argument that the court erred is without merit.[24]

### F. Whether It Was Error Not To Issue Written Rulings

■ Alexander argues that the trial court erred by failing to "give [a] written ruling for its denial of prejudgment interest, future economic damages, costs and compensation for future pain and suffering." The trial court is under no obligation to issue a written ruling for its decision to grant the state's motion for a directed verdict on Alexander's economic loss claims,[25] or for its denial of prejudgment interest and costs.

---

**19.** *Genaro v. Municipality of Anchorage*, 76 P.3d 844, 845–47 (Alaska 2003) (holding that it was abuse of discretion not to inform pro se litigant of proper procedure for action he was attempting to accomplish).

**20.** Civil Rule 82(b)(2) provides in part:

In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which ... shall include fees for legal work ... performed by a ... paralegal....

**21.** *See Hayes v. Xerox Corp.*, 718 P.2d 929, 931, 933 (Alaska 1986) (concluding that lump sum award was not unreasonable even though it did not specify amount awarded for pain and suffering).

**22.** *See Irving v. Bullock*, 549 P.2d 1184, 1188 (Alaska 1976) (upholding jury verdict where there was "nothing in the amount of the verdict

or on its face which indicate[d] that ... damages [for pain and suffering] were omitted").

**23.** The jury must award damages for pain and suffering if "[t]he record contains substantial and uncontradicted evidence that [plaintiff] did experience pain [and] suffering." *Walker v. Alaska Rd. Comm'n*, 388 P.2d 406, 407 (Alaska 1964). At trial, DOC challenged Alexander's pain and suffering claim sufficiently that *Walker* does not apply.

**24.** Alexander does not argue that no reasonable jury could have awarded only $75,000 for future pain and suffering, and he did not move for a judgment notwithstanding the verdict. We do not consider whether the $75,000 was inadequate. *See Irving*, 549 P.2d at 1189.

**25.** *Cf. L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1124 (Alaska 2009) (presuming without stating that oral grant of motion for directed verdict was proper).

## IV. CONCLUSION

We AFFIRM in part and REMAND in part for award of prejudgment interest and costs.