**Richard B. DeREMER III, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF CORRECTIONS, Appellee.**

**No. S-14647.**

Supreme Court of Alaska.

Aug. 23, 2013.

Rehearing Denied Nov. 6, 2013.

Before: FABE, Chief Justice, and WINFREE, STOWERS, MAASSEN, and BOLGER, Justices.

### Order

IT IS ORDERED:

1. After a disciplinary proceeding, a hearing officer found Alaska prison inmate Richard B. DeRemer III guilty of the "high-moderate" infraction of "hoarding medication."[1] A correctional officer had discovered two pills during a search of DeRemer's locker. The officer alleged in an incident report that DeRemer had "admitted the pills were his and stated the pills were 'Demerol.'" Prior to the disciplinary hearing, DeRemer, who claimed that the seized pills were Ibuprofen, timely requested specific items of potentially exculpatory evidence, such as photographs of the seized pills and his own prison medical records, but he was denied pre-hearing access to all of his requested evidence. Instead, the case manager reported at the disciplinary hearing that she had brought the list of requested evidence to the hearing officer who "told [her] that [DeRemer] could address these items here at the hearing."

2. At the disciplinary hearing, DeRemer maintained that the pills found in his locker were Ibuprofen, and he again requested evidence to present a defense. But the hearing officer did not produce the seized pills, laboratory tests, photographs of the pills, DeRemer's "medication dispersement form from [the prison] pill-line," or any other items of DeRemer's requested evidence. Once it became apparent to DeRemer that he would not receive his requested evidence at the hearing, he attempted to call a nurse to testify that he had properly obtained the Ibuprofen from the prison medical dispensary. He also sought to ask the nurse whether the prison medical dispensary had ever prescribed Demerol. The hearing officer refused DeRemer's request to call a nurse as a defense witness, deeming the request untimely. The correctional officer who discovered the pills did not testify. The hearing officer found DeRemer guilty of "hoarding medication," relying entirely on the incident report. DeRemer immediately informed the hearing officer that he would appeal the decision.

3. After exhausting his administrative appeals, DeRemer filed a notice of appeal to the superior court on April 8, 2010.[2] DeR-

---

1. 22 Alaska Administrative Code (AAC) 05.400(c)(8) prohibits the "intentional misuse of prescribed medication, such as hoarding medi- cation or taking another person's medication." 22 AAC 05.400(c)(8) (1999).

2. Alaska Statute 33.30.295 governs judicial review of prisoner disciplinary decisions. *See, e.g.,*

emer contended in his points on appeal that he was improperly denied access to his requested evidence at the disciplinary hearing, citing his requests for photos of the pills, laboratory tests, and a copy of his medication dispersal form from the pill-line. He further argued that "[n]o one at Hudson Correctional Facility has ever received 'Demerol.'"[3]

4. On May 18, 2011, the State sent a letter to DeRemer indicating that DeRemer was required to pay the record preparation costs and that the State had estimated the cost of preparing the record as $128 "based on the average cost of preparing the record on appeal." On May 19, 2011, the State reported to the superior court that the audio recording of the disciplinary hearing was "no longer available" and requested that DeRemer be ordered to recreate "a statement of the evidence of his hearing pursuant to Appellate Rule 601 and 210(b)(8)." On June 13, 2011, Superior Court Judge Peter A. Michalski directed DeRemer to "prepare a statement of the evidence of the proceedings."

5. The following day, June 14, 2011, DeRemer opposed the State's request to require him to reconstruct the record of the disciplinary hearing. On the same day, DeRemer filed a motion to "Reverse Disciplinary Conviction (with Prejudice)," arguing that he should prevail on his appeal as a procedural matter because the State had improperly requested that he pay the record preparation fee when there was no record and because the recording of the disciplinary hearing had been destroyed or misplaced. Although there is no authority in the Rules of Appellate Procedure for DeRemer's motion for summary reversal, it appears that he sought summary resolution of the appeal in his favor on the basis that the Department of Corrections had failed to maintain an audio recording of his disciplinary hearing.[4] Nonetheless, on July 11, 2011, DeRemer complied with the superior court's order by recreating from memory a detailed record of the disciplinary hearing. The State did not dispute DeRemer's reconstructed record of the hearing.

6. Yet before setting a briefing schedule or permitting any briefing on the merits of DeRemer's points on appeal, the superior court denied DeRemer's procedural motion for summary reversal of his disciplinary conviction based on the lack of recording and then proceeded to dismiss DeRemer's entire appeal. In its order of September 20, 2011,[5] the superior court reasoned that "[a]ccording to AS 33.30.295, a disciplinary hearing cannot be reversed 'because of insufficient evidence if the record ... shows that the disciplinary decision was based on some evidence that could support the decision reached.'"[6] The superior court further reasoned that, "[a]ccording to Appellant's recreation of the record, the disciplinary report stated that '[i]nmate DeRemer admitted the pills were his and stated the pills were Demerol.' This constitutes evidence that supports the decision reached." In denying DeRemer's motion, and despite its failure to give DeRemer an opportunity to brief the underlying due process claims arising from the refusal to provide discovery or permit witnesses to be called at the disciplinary

---

AS 33.30.295(a), (b)(1) (stating that a disciplinary decision may not be reversed "unless the court finds that the prisoner's fundamental constitutional rights were violated in the course of the disciplinary process, and that the violation prejudiced the prisoner's right to a fair adjudication").

3. We note that during the disciplinary hearing DeRemer had sought testimony from a nurse to support this specific contention. And in his points on appeal, DeRemer cited Department of Corrections (DOC) Policy 809.04(F) and (G), the policies governing defense witnesses, evidence at disciplinary hearings, and the rules of evidence. *See* DOC Policy 809.04(F)-(G) (1997); *see also* 22 AAC 05.430.

4. *See* 22 AAC 05.420(b)(1) (requiring the Department of Corrections to tape record disciplinary proceedings involving low-moderate, high-moderate, and major infractions); DOC Policy 809.04(K)(1) (1997) (providing that "[i]f the prisoner appeals the decision to the court, the tape recording must be kept until all judicial proceedings are complete"); *cf. Carlson v. Renkes,* 113 P.3d 638, 643 (Alaska 2005) (citing *John v. Baker,* 30 P.3d 68, 74 (Alaska 2001)) (concluding that the loss of an administrative record in itself is not a violation of due process).

5. The superior court order is dated September 19, 2010, but the clerk's distribution certificate is dated September 20, 2011.

6. *See* AS 33.30.295(b)(3).

hearing, the superior court concluded that "[a]ppellant's subsequent claims fail to state 'specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication.'"

7. On November 8, 2011, the superior court deemed its "Order Denying Appellant's Motion to Reverse Disciplinary Conviction [to be] a final judgment" and ordered the appeal "dismissed"[7] without giving notice to the parties that it was considering dismissal. The superior court never set a briefing schedule or provided any opportunity for the parties to brief the merits of DeRemer's appeal.

8. On December 12, 2011, DeRemer moved to re-open his administrative appeal, pointing out that he had complied with the superior court's order to recreate the disciplinary hearing record, that he had requested "evidence that was exculpatory in nature" at his disciplinary hearing, and that these requests had been denied. The superior court denied DeRemer's request to re-open the appeal, concluding that "[n]otwithstanding the appellant's failure to meet timing requirements, the appellant's subsequent arguments are also without merit."

9. DeRemer now appeals the superior court's decision to dismiss his appeal, arguing first that "[t]he merits of [his] appeal have never been heard by the [superior] [c]ourt" and second that "[w]hen [his] requests for exculpatory evidence and witnesses at his disciplinary hearing were d[e]nied by the [disciplinary hearing officer],

his rights were violated," relying on article I, section 7 of the Alaska Constitution.[8] As to the first issue, inmates have a right to appeal disciplinary determinations affecting their fundamental constitutional rights to the superior court.[9] And "[i]f fundamental constitutional rights are alleged to be abridged in disciplinary proceedings, it would be the duty of the court to inquire into the allegations."[10]

10. We agree with DeRemer that the superior court erred by dismissing his appeal after it denied his procedural motion for summary resolution of the appeal in his favor due to the lack of audio recording. Even if such a procedural motion is not contemplated in the appellate rules, the superior court had a duty to inform DeRemer as a pro se litigant "of the proper procedure for the action he ... [was] obviously attempting to accomplish."[11] Thus the superior court had a duty to advise DeRemer of the correct method of challenging the record preparation fee and the loss of the audio recording, both of which DeRemer sought to challenge in his procedural motion. And because DeRemer has always indicated his intent to pursue his due process claims on appeal,[12] the superior court should have advised DeRemer of the proper steps to address the merits of his appeal, including setting and providing notice of the briefing schedule.[13] We therefore conclude that it was error for the superior court to dismiss DeRemer's appeal, and we reverse that dismissal.

11. The second issue on appeal is whether DeRemer's due process rights were violated in the underlying disciplinary hearing. Be-

---

7. See Alaska Appellate Rule 511.5 (dismissal for failure to prosecute); Alaska Appellate Rule 606(a) ("Dismissal of appeals by the superior court or clerk of the superior court is governed by Rule 511.5.").

8. "No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed." Alaska Const. art. I, § 7.

9. AS 33.30.295 (judicial review of prisoner disciplinary decisions); see also Dep't of Corr. v. Kraus, 759 P.2d 539, 540 (Alaska 1988) (holding that judicial review of major disciplinary proceedings should be conducted as appeals).

10. McGinnis v. Stevens, 543 P.2d 1221, 1236 n. 45 (Alaska 1975) (citations omitted).

11. Breck v. Ulmer, 745 P.2d 66, 75 (Alaska 1987); see also Larson v. State, Dep't of Corr., 284 P.3d 1, 8 (Alaska 2012) (same); Alexander v. State, Dep't of Corr., 221 P.3d 321, 326 (Alaska 2009) (same).

12. DeRemer has argued throughout his appeals to the Department of Corrections, the superior court, and to us that the Department of Corrections improperly denied him access to any of his requested evidence and that the denial unfairly prejudiced his right to a fair adjudication.

13. See Breck, 745 P.2d at 75.

cause the State's brief addressed only the question of the propriety of the dismissal, we will provide the State with an opportunity to file supplemental briefing on DeRemer's due process arguments relating to the disciplinary process within **30 days** of this order. DeRemer may have **30 days** to respond to the State's supplemental brief. The supplemental briefs may be filed in memorandum form and shall not exceed 30 pages. We will retain jurisdiction over this appeal in order to resolve DeRemer's underlying due process claims and his other claims on appeal.

Entered at the direction of the court.