RYDER, Acting Chief Judge.
Marvin C. Gill challenges the trial court’s order granting Carolyn Dean’s petition for name change of the parties’ minor children. We reverse.
Dean and Gill were married and Gill is the natural father of the two minor children involved in' this name change action. The parties were divorced on January 5, 1982. On September 22, 1989, Dean filed a petition for name change of the parties’ two minor children. On October 19, 1989, while incarcerated, Gill received notice of the petition for name change. Gill filed an answer and defenses to the petition in which he vigorously objected to the name change of his children.
A nonjury trial was set for January 17, 1990. On December 15, 1989, Gill filed a petition for writ of habeas corpus ad testifi-candum requesting his presence at the trial. Gill stated that due to his indigent condition, he would have to defend his cause pro se. He stated that his presence at trial was necessary so that he could cross-examine Dean, her witnesses and to present witnesses and evidence for the defense of the name change. Gill’s petition was denied.
Gill should have been afforded the opportunity to be present at the name change hearing. See McCuiston v. Wanicka, 483 So.2d 489 (Fla. 2d DCA 1986), “The law abhors thé denial of access to the courts for any other reason than a wilful abuse of the processes of the court.” McCuiston, (quoting Rashard v. Cappiali, 171 So.2d 581, 583 (Fla. 3d DCA 1965)).
Accordingly, the case is reversed and remanded for proceedings consistent with this opinion.
THREADGILL and PARKER, JJ., concur.