COPE, Judge.
The appellant former wife appeals a post-dissolution order denying her petition to change the names of the parties’ minor children. We affirm.
During the parties’ marriage, the appellant wife and appellee husband retained their respective surnames, Hayhurst (wife) and Romano (husband). The parties’ two children were given the husband’s surname, Romano, by which they were known throughout the marriage.
Several months after the parties’ 1996 dissolution of marriage, the former wife filed a petition seeking to change the names of the minor children, ages four and seven, to a hyphenated form, either Romano-Hayhurst or Hayhurst-Romano. The former husband objected.
The trial court conducted an evidentiary hearing at which the former wife and former husband testified. The former wife has not filed a transcript. The parties have stipulated that the written order accurately reflects the testimony. According to the order, the former wife testified that the name change “would be in the best interests of the children in that the proposed name change would show a familial connection between her and the children.”
The trial court denied the petition, stating:
The evidence was insufficient to show that the proposed name change is in the best interest of the children. See Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962) wherein the Court stated:
[T]o change the name of a minor ... is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor.
[Id. at 14].
In our view, the trial court correctly applied the Lazow decision. Where minor children are involved, the Lazow decision indicates that the children’s names should remain unchanged, unless there is a showing that the name change is in their best interests.
We concur with the trial court that the required showing has not been made in this case. The former wife concedes, and we agree, that what is most important by far is the quality of the relationship between parent and child. We recognize that the issue of what surname to use is a matter of importance to the former wife, who elected to keep her own name throughout the parties’ marriage. By the same token, however, during the marriage the parties made a conscious decision how the children would be named. We view the Lazow decision as standing for the proposition that renaming children should not be lightly undertaken, and then only on a showing that such a step is in their *1180 best interests. The necessary showing has not been made here.
Affirmed.