*922
 
 VAN NORTWICK, J.
 

 Kendahl Hutcheson appeals a final order which changes the surname of a child born to her outside of a marriage. Because the final order does not articulate how a name change is in the child’s best interest and the record does not show that the name change is required for the welfare of the child, we reverse.
 

 On September 22, 2006, the child Kaelyn was born. There is no dispute that Stephen Gregory Taylor, appellee, is the natural father of Kaelyn. Within days of the birth, both parties executed an affidavit attesting to the parentage of the child. The resulting birth certificate lists the child’s name as Kaelyn Isabella Hutche-son.
 

 Several months after the birth, Taylor filed a petition in circuit court seeking the establishment of paternity, a parental visitation schedule and a determination of child support. He also sought by this petition a change in the child’s surname from Hutcheson to Taylor Hutcheson. Hutcheson admitted Taylor’s paternity and also admitted that he was entitled to some visitation with the child. A final judgment of paternity issued reserving jurisdiction on the other matters raised in Taylor’s petition. Thereafter, the circuit court received memoranda of law on the request for a name change. The circuit court then entered an order granting a surname change. In this order, the circuit court stated:
 

 This matter was heard on the Father’s Request for a Name Change. The Court has considered the matters of record. The Mother and Father are to have shared parental responsibility. Both will have substantial involvement in raising their daughter. Under the law* they are both equal parents. Because they disagree on her surname, she will be given the surname of each in alphabetical order, separated by a hyphen. Her name shall be Kaelyn Isabella Hutcheson-Taylor.
 

 Hutcheson moved for rehearing arguing
 
 inter alia
 
 that there was an insufficient showing that a name change was in the child’s best interest. In denying rehearing, the circuit court indicated that it had considered the child’s best interest in its prior order.
 

 As we explained in
 
 Bardin v. State, Dep’t of Revenue,
 
 720 So.2d 609, 612 (Fla. 1st DCA 1998), paternity is not a sufficient basis on which to grant a change in surname. Instead, a child’s surname may be modified “only where the record affirmatively shows that such change is required for the welfare of the minor.”
 
 Id.quoting Collinsworth v. O’Connell,
 
 508 So.2d 744, 747 (Fla. 1st DCA 1987);
 
 see also Lazow v. Lazow,
 
 147 So.2d 12 (Fla. 3d DCA 1962);
 
 McKay v. Haikey,
 
 860 So.2d 1046 (Fla. 5th DCA 2003); and
 
 Durham v. McNair,
 
 659 So.2d 1291 (Fla. 5th DCA 1995). The discretion of a trial judge over a request for a change in name “must be exercised on the basis of some evidence other than the parties’ conclusory assertions.”
 
 Bardin,
 
 720 So.2d at 612,
 
 quoting Collinsworth,
 
 508 So.2d at 747.
 

 In this case, it was Taylor’s burden to prove that changing Kaelyn’s surname was in the child’s best interest. No evidence was taken on this issue, and, in his “verified argument and memorandum of law” on the issue of name change, Taylor noted Hutcheson was soon to be married and could possibly take the surname of her husband. He argued: “For that reason alone, the Fathers’ request for a name change should be granted, as the issue of the child carrying her Mother’s maiden name, and thus having a different name than either of her parents, is a basis for successfully rebutting the presumption
 
 *923
 
 against name changes.” Taylor further added in his memorandum that not allowing the father’s surname to be incorporated into the child’s name “may eventually send the child a negative message regarding the Mother’s attitude about the Father-daughter relationship.”
 

 These speculative arguments do not establish that it was in the child’s best interest to change her name from that which her parents jointly selected at birth, as reflected by their execution of the affidavit for a birth certificate. In ordering a name change on the ground that both parents are “equal,” the circuit court abused its discretion.
 

 Accordingly, the order changing the child’s surname is vacated, and the cause is remanded for entry of an order returning the child’s name to that listed on her birth certificate.
 

 BENTON, and WETHERELL, JJ„ concur.