PER CURIAM.
 

 Appellant, Georgia A. Chamberlin, appeals the trial court’s order granting the petition to change her minor son’s surname to that of his father, appellee Thomas W. Miller III. Because the evidence does not support the trial court’s finding that a name change is in the child’s best interests, we reverse.
 

 In November 2008, Ms. Chamberlin learned she was pregnant and informed Mr. Miller that he was the father. Mr. Miller requested a pre-birth paternity test, but Ms. Chamberlin declined based on her concern for risks to her unborn child.
 

 Ms. Chamberlin gave birth to her son on February 3, 2009, and gave him the surname of Chamberlin. DNA testing conducted in April 2009 confirmed Mr. Miller
 
 *382
 
 as the child’s father. In June 2009, Mr. Miller filed a Petition to Determine Paternity and for Related Relief, including a request to change the child’s surname from Chamberlin to Miller.
 

 Mr. Miller testified to the trial court that he sought the name change because of his desire for his son to carry on the Miller family name, because he believes a child should share his father’s surname, and because he fears his son will be teased by classmates if he does not have the same last name as his father. Mr. Miller testified that he would have been at his son’s birth if he had been informed when Ms. Chamberlin was in labor, and he would have signed the birth certificate at that time. The trial court granted Mr. Miller’s petition to change the child’s surname from Chamberlin to Miller based on Mr. Miller’s testimony. Florida law, however, does not support a trial court’s ruling to change a child’s surname based on testimony which does not demonstrate that the change is in the child’s best interests.
 
 See, e.g., Hutcheson v. Taylor,
 
 43 So.3d 921 (Fla. 1st DCA 2010).
 

 When granting a petition to change the surname of a minor, a parent’s conclusory assertions are insufficient to demonstrate that the change is in the best interests of the child.
 
 Id.
 
 at 922. Under the best interests standard, the record must affirmatively show that a name change is required for the welfare of the child.
 
 Collinsworth v. O’Connell, 508
 
 So.2d 744, 747 (Fla. 1st DCA 1987) (“This standard, emphasizing best interests of the child rather than parents, would accord effect to the same factors governing custody.”);
 
 Levine v. Best,
 
 595 So.2d 278 (Fla. 3d DCA 1992). None of the arguments presented to the trial court here support a finding that a name change would be in the minor child’s best interests or required for his welfare. Rather, the arguments advanced by Mr. Miller to support the petition either have no bearing on a best interests analysis or have been previously rejected by this court.
 

 Mr. Miller testified that he preferred that his son have his father’s surname; however, a parent’s desire for a child to carry on a family name has no bearing on whether the child’s best interests would be served by a name change.
 
 McKay v. Haikey,
 
 860 So.2d 1046, 1049 (Fla. 5th DCA 2003). Similarly, Mr. Miller’s argument that it is customary for a child to take his or her father’s name does not demonstrate whether a name change is in a child’s best interests.
 
 See Girten v. Andreu,
 
 698 So.2d 886, 888 (Fla. 3d DCA 1997). Finally, Mr. Miller’s assertion that his son may experience ridicule in school if his name is not the same as his father’s is purely speculative. This court has rejected such speculative arguments as insufficient to establish that a name change is in a child’s best interest.
 
 See Hutcheson,
 
 43 So.3d at 923 (vacating an order requiring a name change where the trial court’s ruling was based on speculative evidence that failure to give the child the father’s surname could send a negative message about the father-daughter relationship).
 

 Because Mr. Miller failed to meet his burden of demonstrating that the name change was in the child’s best interests or required for the child’s welfare, the trial court abused its discretion in granting the name change petition; therefore, the order must be reversed.
 

 REVERSED.
 

 HAWKES, C.J., ROBERTS and ROWE, JJ., concur.