DAVIS, Judge.
 

 Anthony Jack Wilson challenges the order approving the change to his minor daughter’s name at the request of the child’s mother and the order denying his motion for rehearing. Because in this instance due process entitles Wilson to a hearing on the exceptions to the magistrate’s report and recommendations that he filed with the trial court prior to the adoption of such, we reverse the order approving the name change.
 

 Wilson is currently proceeding pro se while an inmate of the Florida Department of Corrections. After he was incarcerated, the mother of one of his children sought to have that child’s name changed. After a general magistrate’s hearing, at which Wilson appeared telephonically, a report and recommendation in favor of the name change was filed with the trial court. Wilson filed exceptions to the report, and the trial court ordered him to provide a transcript of the hearing held before the magistrate and to schedule a hearing to address his exceptions.
 

 The record shows that Wilson immediately began to seek transcription of the recorded hearing. Despite his repeated, documented requests, Wilson claims he was never notified when the recorded CD of the hearing finally became available. As soon as the audio recording was made a part of the court record, the trial court adopted the magistrate’s report and recommendations and entered an order approving the name change. Wilson filed a motion for rehearing alleging, in part, that the trial court had failed to rule on his motion to be declared indigent and to have the record transcribed, that the clerk had provided him with erroneous information
 
 *1283
 
 regarding his requests, and that his rights of due process and access to the courts had been impeded. The motion for rehearing also provided attachments documenting Wilson’s repeated attempts to obtain the transcript, including a copy of an attempt to schedule a hearing before the trial court. The trial court denied Wilson’s request for rehearing.
 

 An incarcerated parent’s due process rights are impinged in proceedings to change the name of a child where a hearing is requested but access to the hearing is not provided to the incarcerated parent.
 
 See generally Gill v. Dean,
 
 575 So.2d 311, 312 (Fla. 2d DCA 1991);
 
 see also Alfonso v. Alfonso,
 
 823 So.2d 261, 262 (Fla. 3d DCA 2002) (concluding that where an incarcerated party requests to be present and put forth evidence at a hearing on a family law matter, the trial court should afford the person such an opportunity). Furthermore, it is error for the trial court to adopt a magistrate’s report in a family law matter without first holding a hearing on any timely filed exceptions to that report.
 
 Simmons v. Simmons,
 
 16 So.3d 878, 878 (Fla. 5th DCA 2009).
 

 Because the trial court here should have allowed Wilson the opportunity to obtain the necessary transcript and be heard on his exceptions to the magistrate’s report and recommendations, we reverse the order approving the child’s name change and remand with instructions that Wilson be provided the opportunity to obtain a copy of the required transcript and to present to the court his exceptions to the magistrate’s report and recommendations. We note that Wilson’s substantive arguments related to the evidence presented to the magistrate and the findings made in regard to that evidence must necessarily be addressed by the trial court on remand prior to any review by this court. As the transcript of the hearing is now available to Wilson, the trial court may immediately schedule a hearing, either in person or telephonically, to allow Wilson the opportunity to be heard prior to entering the final order on the motion to change the child’s name.
 

 Reversed and remanded.
 

 SILBERMAN and VILLANTI, JJ„ Concur.