VILLANTI, Judge.
Anthony Jack Wilson seeks review of the circuit court’s order that denied his exceptions to the magistrate’s report and recommendations and adopted the recommended order granting the petition for name change of his minor daughter. Because the circuit court erred when it adopted the magistrate’s report and recommendations, we reverse and remand for further proceedings.
In June 2007, Annette Smith filed a petition to change the name of her then four-year-old daughter from Z.A.W. to M.A.S. Wilson, the child’s father, objected to the petition and specifically asserted in *415 his answer that changing the child’s name was not in her best interests. Wilson, who was in prison at the time, also filed a motion to appear by telephone at the hearing on the petition. The circuit court referred the matter to a general magistrate.
On January 7, 2008, Smith appeared before the magistrate, but Wilson did not. The magistrate noted that Wilson’s motion to appear telephonically had not been ruled upon. Therefore, the magistrate recommended that the case be reset after the motion had been addressed. The circuit court approved the magistrate’s recommended order, and a new hearing date was set for February 19, 2008.
At the February 19 hearing, Wilson appeared by phone. At the start of the hearing, the magistrate asked Wilson, “[W]hy are you objecting to Ms. Smith changing the child’s name to [M.A.S.]?” Wilson testified that it was his opinion that Smith was seeking the name change “out of spite” because they were not together anymore, and he also testified that it was not in the best interests of Z.A.W., who by then was five years old, to have her name changed.
When asked, Smith testified that she wanted to change Z.A.W.’s name because “I never liked the name.” She testified that she “let” Wilson name the child “to keep the peace.” She also testified that she went to a shelter when she left Wilson and now she wanted to “start[ ] my whole life over again.” According to Smith, Wilson was not providing for Z.A.W. because “[h]e got himself in trouble,” and she believed that it was in ZAW.’s best interests to have her name changed. After hearing this testimony, the magistrate stated that she was going to grant the petition “under the totality of the circumstances.”
Wilson timely filed written exceptions to the magistrate’s report and recommended order. In his exceptions, Wilson asserted that the magistrate’s factual findings were not supported by the testimony at the hearing and that the magistrate had improperly applied the law. Nevertheless, the circuit court adopted the magistrate’s report and recommendations without holding a hearing on Wilson’s exceptions. Wilson appealed, and this court reversed and remanded for the circuit court to hold the required hearing. Wilson v. Smith, 51 So.3d 1282 (Fla. 2d DCA 2011).
On remand, the circuit court scheduled a hearing on Wilson’s exceptions. It also entered an order stating that both parties could file written memoranda in support of their positions. In response to that order, Wilson filed a motion asking the court to consider his initial brief from his appeal as his memorandum in support of his exceptions. The day before the scheduled hearing, the circuit court denied Wilson’s motion to accept his brief as his memorandum.
At the hearing on Wilson’s exceptions, the circuit court asked Wilson to explain why the magistrate’s findings were not supported by the record. However, when Wilson began to explain his position, the circuit court cut him off, saying “I’m going to go over it one more time and say to you that this is not a new hearing.” Wilson then pointed out that the majority of the discussion at the hearing before the magistrate had been about his incarceration rather than Z.AW.’s best interests. He argued that the magistrate had “switched” the burden of proof, requiring him to show why ZAW.’s name should not be changed rather than requiring Smith to show that the name change was in ZA.W.’s best interests. And he pointed out that some of the magistrate’s factual findings conflicted with the transcript. Despite these arguments, the circuit court overruled Wilson’s exceptions and adopted the magis *416 trate’s recommended order granting the petition.
In this appeal, Wilson contends that the circuit court erred in denying his exceptions to the magistrate’s report and recommendations because the magistrate made two errors of law when determining the merits of his petition and because certain factual findings made by the magistrate were not supported by competent, substantial evidence. The record supports all three of these contentions, any one of which would require reversal.
First, the magistrate erred by applying the incorrect legal standard when considering Smith’s petition. This court and others have held that the standard for changing a child’s name is whether the change is in the child’s best interests or is necessary for the welfare of the child. See Azzara v. Waller, 495 So.2d 277, 278 (Fla. 2d DCA 1986) (“The Court should order a change of a minor’s surname over the objection of one parent only where the evidence affirmatively shows that such change is necessitated by the welfare of the child.”); Coolidge v. Ulbrich, 733 So.2d 1092, 1094 (Fla. 4th DCA 1999) (“A child’s surname should remain unchanged absent evidence that the change is necessary for the welfare of the child.”); Hayhurst v. Romano, 703 So.2d 1178, 1179 (Fla. 3d DCA 1997); Lazow v. Lazow, 147 So.2d 12, 14 (Fla. 3d DCA 1962) (“To change the name of a minor ... is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor.”). The desires of the parents to have a “connection” with the child through the child’s name do not guide this decision. See Azzara, 495 So.2d at 278; Hayhurst, 703 So.2d at 1179. Neither does the desire of one parent to distance him or herself from the other parent.
Here, the transcript of the hearing before the magistrate shows that she focused solely on Wilson’s factual predicament: he had had limited contact with Z.A.W. since going to prison, that he had more time to serve before his release, and that he was not financially supporting Smith or Z.A.W. However, those facts were not relevant to the legal issue before the court, which was whether the evidence established that changing a five-year-old’s name — first, middle, and last — was in her best interests. With no evidence on this legally dispositive issue, the magistrate had no legal basis for the recommendation to grant Smith’s petition.
Second, the magistrate erred by placing the burden of proof on the incorrect party. Rather than requiring Smith to establish that the name change was in ZAW.’s best interest, the magistrate began the hearing by asking Wilson why he was “objecting to Ms. Smith changing the child’s name.” In her report and recommendations, the magistrate found that Wilson “had no legitimate reason as to why this court should not grant the Petition and change the minor child [sic] full name to the name desired by the child’s mother.” It is clear from these statements that the magistrate improperly placed the burden on Wilson to provide a reason for the court not to change the child’s name rather than requiring Smith to prove that the change was in child’s best interests.
Third, the circuit court erred by adopting several of the magistrate’s factual findings that were not supported by competent, substantial evidence. It is settled law that when a circuit court reviews a magistrate’s report to resolve exceptions, the court must accept the magistrate’s findings of fact if they are supported by competent, substantial evidence. See In re Drummond, 69 So.3d 1054, 1056 (Fla. 2d DCA 2011). However, while the magis *417 trate’s findings of fact are given a presumption of correctness, the circuit court is still “obligated to perform a full examination of the evidence and the findings.” Id. at 1057; see also Quincoces v. Quincoces, 10 So.3d 657, 659 (Fla. 3d DCA 2009) (“‘[Ejntry of a final judgment in accordance with the master’s findings and recommendations is not a mere formality. Rather, the court is duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether under the law and the facts the court is justified in entering the judgment recommended by the master.’ ” (quoting Bell v. Bell, 307 So.2d 911, 914 (Fla. 3d DCA 1975))). Moreover, because this court can “equally perform the review that the trial court performed of the magistrate’s record and findings,” we consider this issue de novo. Drummond, 69 So.3d at 1057.
Here, the magistrate made a factual finding that the child was currently being called M.A.S. and that this is the name that she knows. However, there is absolutely no evidence of this “fact” in the record. Smith testified that she does not call the child either Z.A.W. or M.A.S.; instead, she refers to her as “Baby.” Similarly, the magistrate found that Smith was “forced by” Wilson to name the child Z.A.W.; however, the only testimony at the hearing was that Smith did not like the name Z.A.W. but she agreed to it because Wilson wanted it. In addition, the magistrate found that Smith had gone “to a protective shelter” with the child to get away from Wilson; however, the only testimony at the hearing was that Smith went to a shelter when she left Wilson. There was no testimony that the shelter was a protective shelter or that Smith left Wilson for any reason other than simply wanting to “start[ ] my whole life over again.” Hence, these factual findings, which allegedly supported the magistrate’s recommendation to grant the petition, were not supported by competent, substantial evidence in the record, and the circuit court erred by adopting them and the recommendation based on them.[1]
In light of these three errors, we hold that the circuit court erred in denying Wilson’s exceptions to the magistrate’s report and recommendations and in adopting the recommendation to grant Smith’s petition. The magistrate’s use of the incorrect legal standard and incorrect burden of proof were errors of law that the circuit court simply had no discretion to ignore. And the circuit court should not have adopted factual findings that had no evi-dentiary support. Accordingly, we reverse the circuit court’s order granting Smith’s petition and remand for further proceedings. On remand, the circuit court must consider the merits of the petition in light of the proper legal standards and the evidence actually adduced at the hearing.
Because we are remanding for further proceedings, we also note that the circuit court abused its discretion by denying Wilson’s motion to consider his initial brief as a memorandum of law for pur *418 poses of the exceptions hearing. When the circuit court issued its initial order on Wilson’s exceptions, it provided that “[e]i-ther party may file [a] memorandum of law in support of, or in defense to, the exceptions.” In response, Wilson filed a motion asking the circuit court to treat the appellate brief from his first appeal as his memorandum of law, and he attached a copy of his brief to the motion. In that brief, Wilson laid out all of his arguments as to why the magistrate’s ruling was not supported by competent, substantial evidence and how the magistrate had misapplied the law. The circuit court summarily denied this motion, stating that Wilson had offered no legal authority “for why this Court should accept a brief prepared for the purpose of one proceeding (an appeal) to be used for a different proceeding and purpose (a trial level exceptions hearing).” This ruling was rendered the day before the scheduled hearing on Wilson’s exceptions.
The record shows that Wilson’s motion and its attached brief were filed in the court file and served on Smith, and the brief contained germane legal argument in support of Wilson’s claimed exceptions. Under these circumstances, the circuit court’s ruling unnecessarily elevated form over substance. Further, entry of the court’s order the day before the scheduled hearing denied Wilson the opportunity to file a separate memorandum that would have complied with the circuit court’s technical requirements. On these unique facts, the circuit court’s ruling refusing to consider Wilson’s brief as his memorandum of law constituted an abuse of discretion. Should Wilson seek on remand to again rely on the arguments made in his first appellate brief, the circuit court should consider that brief as Wilson’s memorandum of law.
Reversed and remanded for further proceedings.
SILBERMAN and WALLACE, JJ., Concur.

. While it appears from the record that the magistrate may have taken additional testimony from Smith at the January 7, 2008, hearing that Wilson did not attend, because that hearing was held before the court ruled on Wilson's motion to appear telephonically, Wilson's nonappearance was not due to any inaction on his part. Thus, any consideration of any evidence that may have been offered at that hearing would violate Wilson’s fundamental due process right to be present and to be heard. See, e.g., Henderson v. Lyons, 93 So.3d 399, 401 (Fla. 2d DCA 2012) (" 'When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party’s fundamental right to procedural due process.’ ” (quoting Douglas v. Johnson, 65 So.3d 605, 607 (Fla. 2d DCA 2011))).