LaROSE, Judge.
Michael Teryl Airsman appeals a final judgment changing the surname of his daughter, after petition by the child’s mother, Erica Leanne Airsman, now known as Erica Leanne Conklin, Mr. Airs-man’s former wife.[1] We ;have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). .The change of surname is not supported by competent, substantial evidence that the child’s best interests are served, or that the welfare of the child is at risk. Consequently, we reverse and remand.
A brief history is useful. The father -and mother -married in 2004. Their daughter was born in 2010. The father and mother divorced in 2012. Pursuant to. a marital settlement agreement (MSA) incorporated into the final .judgment of dissolution, the mother assumed primary parental, responsibility for the daughter. The MSA gave the father only supervised visitation. The MSA, however, required the parties to foster and encourage feelings of affection and respect between the daughter and each parent.
At the time of the divorce, the mother retained , her married name. In 2014, she petitioned the trial court to restore her maiden name, and she petitioned the trial court to change the child’s surname to -hers because the daughter’s “family unit is comprised solely of the minor child and me.” The mother alleged that the father was an absent father. She also alleged that “it is in [the daughter’s] best interest to share the same surname as her custodial parent and sole caregiver.”
At the time of an initial hearing on the petition, the father lived out of state. The trial court held a telephonic hearing, where the father- objected to the name change. Although contradicted by the mother, he claimed that his lack of visitation or contact with his daughter was not voluntary; the mother allegedly thwarted his attempts to contact the daughter. Although the mother argued that the father was not paying child support; the MSA allowed him to .pay child support “with the assistance of his parents.” Child support payments were current. '
The trial court granted the petition. But, after the father moved for rehearing, the trial court held a full evidentiary hearing. Following that hearing, the trial court entered final judgment granting the petition. The trial court concluded that “it is in the child’s best interest to bear the same surname'as ... her sole caregiver and custodial parent.” . The father now urges us to reverse the final judgment because competent, substantial evidence failed to support the finding that the name change was in the best interest of or necessary for the welfare of the daughter.
We review the trial court’s decision under an abuse of discretion standard. Coolidge v. Ulbrich, 733 So.2d 1092, 1094 (Fla. 4th DCA 1999). The party seeking to change the child’s name bears the burden of proof; conclusory assertions are insufficient. Cothron v. Hadley, 769 So.2d 1148, 1148 (Fla. 5th DCA 2000). As we observed in Wilson v. Smith, 126 So.3d 413, 416 (Fla. 2d DCA 2013):
This court and others have held that the standard for changing a child’s name is whether the change is in the child’s best interests or is necessary for the welfare *344 of the child. See Azzara v. Waller, 495 So.2d 277, 278 (Fla. 2d DCA 1986) (“The Court should order a change of a.-minor’s surname over the objection of one -parent only where the evidence affirmatively shows -that such change is necessitated by the. welfare of the child.”); Coolidge v. Ulbrich, 733 So.2d 1092, 1094 (Fla. 4th DCA 1999) (“A child’s surname should remain unchanged absent evidence that, the change is necessary for the welfare of the child.”); Hayhurst v. Romano, 703 So.2d 1178, 1179 (Fla. 3d DCA 1997); Lazow v. Lazow, 147 So.2d 12, 14 (Fla. 3d DCA 1962) (“To change the name of a minor ... is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor.”). The desires of the parents to have a “connection” with the child through the child’s name do not guide this decision. See Azzara, 495 So.2d at 278; Hayhurst, 703 So.2d at 1179. Neither does the desire of one parent to distance him or herself from the other parent..
(Emphasis added.)
Also instructive is Chamberlin v. Miller, 47 So.3d 381 (Fla. 1st DCA 2010). There, the father wanted his son to carry his family name, believing the child should share a father’s surname, and because he feared the child would be teased if he did not bear the same name as his father. Id. at 382, The First District held that a parent’s desire for a child to carry on a family name has no bearing on whether the child’s best interests would be served by a name change nor are speculative arguments sufficient to establish that a name change is in a child's best interest. Id.
The Chamberlin court explained:
When granting a petition to change the surname of a minor, a parent’s conduso-ry assertions are insufficient to demonstrate that the change is in the best interest of the child. [Hutcheson v. Taylor, 43 So.3d 921,] 922 [(Fla. 1st DCA 2010)]. Under the best interest standard, the record must affirmatively show that a name change is required for the welfare of the child. Collinsworth v. O’Connell, 508 So.2d 744, 747 (Fla. 1st DCA 1987) (“This standard, emphasizing best interest of the child rather than parents, would accord effect to the same factors governing custody.”); Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992). None of the arguments presented to the trial court here support a finding that a name change would be in the minor child’s best interest or required for his welfare. Rather, the arguments • advanced by Mr. Miller to support the petition either have no bearing on a best interests analysis or have been previously rejected by this court.
Id. The Chamberlin couht reversed the judgment granting a name change, holding that Mr.' Miller failed to meet his burden of proof and the petition should not have been granted. Id., see also Cothron, 769 So.2d at 1148-49 (former wife’s conclusory testimony in favor of petition for name change — that she wanted to protect her children from embarrassment they might suffer due to father’s status as convicted felon, and that an older child wanted no association with former husband’s name— did not meet burden of proof; remanded for the taking of actual evidence and appointment of guardian ad litem for input relating to the children).
Here, the trial court made its finding after a full evidentiary hearing. We are well aware that the trial court is in the best position to assess witness credibility and weigh the evidence. Sinclair v. Sinclair, 804 So.2d 589, 592 (Fla. 2d DCA 2002).. However, our review compels the conclusion that the mother did not satisfy *345 the demanding burden of proof described above. The trial court, therefore, had no basis on which to grant the petition; it abused its discretion in granting the requested relief. See McKay v. Haikey, 860 So.2d 1046, 1049-50 (Fla. 5th DCA 2003). Much of the mother’s testimony stressed pre-dissolution occurrences that had no bearing on the present petition and were resolved by the final judgment of dissolution and incorporated MSA. Furthermore, her assertions were' conclusory, speculative, unsupported by competent' and substantial evidence, and irrelevant to the best interest of or for the welfare of the child. Indeed, the mother’s désire to' change the' daughter’s name seems based solely on her wish to distance the child from the father’ and for the mother’s own convenience.' Such slight proof is not enough.
Under these circumstances, we must reverse. In doing so, we resist the urge to remand for a further hearing to fill the evidentiary gaps:
[WJhen a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may .be a different result upon the retrial.
Id. at 1050 (quoting Bardin v. State, Dep’t of Revenue, 720 So.2d 609, 613 (Fla, 1st DCA 1998)).
We reverse the trial court’s final judgment and remand with directions for the trial court to enter an order that the child’s surname be restored to that of the father. See Chamberlin, 47 So.3d at 382; Hutcheson, 43 So.3d at 923; McKay, 860 So.2d at 1050.
Reversed and remanded with directions.
WALLACE, J., Concurs.
CÁSANÜEVA, J., Dissents with ' opinion.

. For ease, we will refer to Mr. Airsman and Mrs. Airsman- as "father” and “mother,” respectively.