IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3158

HAILEY A. NEVILLE,
MOTHER

        Appellant,

v.

RYAN A. MCKIBBEN,
FATHER

        Appellee.

_____/

Opinion filed October 5, 2017.

An appeal from the Circuit Court for Okaloosa County.
John "Jay" Gontarek, Judge.

Clark H. Henderson of Campbell & Henderson, PLLC, Shalimar, for Appellant.

E. Jane Brehany, Pensacola, for Appellee.


PER CURIAM.

        Hailey A. Neville, the Mother, challenges the final judgment: 1) awarding ultimate decision-making authority regarding the minor child to Ryan A. McKibben, the Father; 2) establishing a 50/50 timesharing schedule; 3) changing the minor

child's legal surname to that of McKibben; 4) ordering use of McKibben's address for school designation purposes; and 5) for failure to address a request for reimbursement of half of past medical and childcare expenses.  As grounds, Neville argues the trial court abused its discretion as the final judgment is not supported by competent, substantial evidence, nor does it satisfy the statutory requirements for custody determinations under section 61.13, Florida Statutes (2015). We agree in part and reverse to the extent provided below.

### *Ultimate Decision-Making Authority*

We first address the trial court's award of ultimate decision-making authority to McKibben "in all matters pertaining to the child."  Neville argues this determination is not supported by competent, substantial evidence and contravenes the statutory goal of shared parental responsibility. We agree.

Trial courts must order shared parental responsibility unless the court finds it would be detrimental to the child. § 61.13(2)(c)2., Fla. Stat. (2015).  Shared parental responsibility "contemplates that the parties will mutually confer on major decisions (e.g., medical, religious, educational) affecting the child's welfare and will reach agreement." Smith v. Smith, 971 So. 2d 191, 195 (Fla. 1st DCA 2007). If it is in a child's best interest, the court may award ultimate decision-making authority over specific aspects of the child's welfare to just one parent. § 61.13(2)(c)2.a., Fla. Stat. (2015). However, "a blanket, nonspecific award of 'ultimate responsibility' is

2

contrary to the statutory concept of shared parental responsibility." <u>Wheeler v. Wheeler</u>, 501 So. 2d 729, 729 (Fla. 1st DCA 1987); <u>see</u> <u>also</u> <u>Fazzaro v. Fazzaro</u>, 110 So. 3d 49, 51 (Fla. 2d DCA 2013).

In support of its blanket award of ultimate decision-making authority to McKibben, the trial court characterized a number of Neville's parenting choices as dangerous and contrary to normal medical care. Specifically, the trial court questioned Neville's decisions regarding the child's immunization schedule, chiropractic care, Neville's co-sleeping with the child, the duration of breastfeeding, and the use of amber bead necklaces for teething pain. While the trial court's concerns were sincerely held, no competent, substantial evidence was introduced to support the trial court's findings that Neville's parenting decisions were dangerous or contrary to normal medical care.

### *Time Sharing & Address for School Designation*

There is no abuse of discretion where reasonable persons could differ as to the trial court's ruling. <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203 (Fla. 1980). Additionally, there is no statutory requirement that a trial court engage in a discussion as to each of the factors of section 61.13, Florida Statutes. <u>Miller v. Miller</u>, 842 So. 2d 168, 169 (Fla. 1st DCA 2003); <u>Adair v. Adair</u>, 720 So. 2d 316, 317 (Fla. 4th DCA 1998). However, the trial court must find, at a minimum, that its custody determination is in the best interests of the child. <u>Clark v. Clark</u>, 825 So. 2d

3

1016, 1017 (Fla. 1st DCA 2002). Although the final judgment did not include the magic words "best interests of the child," a plain reading confirms the trial court tracked the factors of section 61.13 in its determination of timesharing and the address for school designation. As competent, substantial evidence exists to support the trial court's award of 50/50 timesharing and school address designation, it must be affirmed on appeal.

*Legal Surname*

The standard of review regarding a change in a child's surname is abuse of discretion. Airsman v. Airsman, 179 So. 3d 342, 343 (Fla. 2d DCA 2015). A name change is proper "only where the record affirmatively shows that such change is required for the welfare of the minor." Collinsworth v. O'Connell, 508 So. 2d 744, 747 (Fla. 1st DCA 1987) (quoting Lazow v. Lazow, 147 So. 2d 12, 13 (Fla. 3d DCA 1962)). If only conclusory assertions are provided in the record, "the issue should ordinarily be resolved against the party having the burden of proof, the proponent of change." Collinsworth, 508 So. 2d at 747; Bardin v. State, Dep't of Revenue, 720 So. 2d 609, 610 (Fla. 1st DCA 1998). A name change may not be based solely on a finding of paternity. Hutcheson v. Taylor, 43 So. 3d 921, 922 (Fla. 1st DCA 2010) (citing Bardin, 720 So. 2d at 612).

The only evidence presented by McKibben in support of a change in the legal surname of the child was his own testimony, which was self-serving. McKibben

4

requests the name change solely to "carry on" his family name. At the hearing, Neville confirmed her desire that the minor child maintain the legal name listed on his birth certificate, her last name, as she has been the primary caregiver since his birth. The trial court changed the minor child's name, finding, "[T]he ultimate decision authority regarding medical, educational, and health related needs and extracurricular activities and daycare/after-school care for the child shall be with the Petitioner [McKibben]. For this reason it would be more convenient for [McKibben] and the child's last name to be the same." However, claims of convenience are not sufficient to support a name change. Airsman, 179 So. 3d at 345.

Accordingly, we reverse this aspect of the final judgment and remand with directions for the trial court to enter an order restoring the child's surname to that of Neville.

### *Reimbursement of Daycare and Medical Expenses*

The last issue raised by Neville is whether the trial court erred in failing to address reimbursement for daycare and uncovered medical and dental expenses. We answer this question in the affirmative and remand for further proceedings.

In the final judgment, the trial court addressed child support arrearages, but not daycare or uncovered medical and dental expenses. The temporary order entered on December 11, 2015, required all reasonable medical, dental, optical and orthodontic expenses of the minor child not covered under insurance, to be equally

5

paid by the parties, as well as daycare expenses. The trial court failed to address Neville's claims of unpaid medical and daycare expenses raised in her Motion for Contempt, which arose from the temporary order. This issue was ripe for adjudication because "once a court enters a final judgment, temporary support orders are no longer enforceable unless a claim for arrearages is addressed in the final judgment or the court reserves jurisdiction to consider the claim." Conte v. Conte, 858 So. 2d 1165, 1166 (Fla. 2d DCA 2003). In ruling on this matter, this Court is not commenting on the strength of the evidence submitted, but only with respect to whether the matter was resolved as part of the final judgment issued by the trial court. We find it was not; therefore, the matter is reversed and remanded for reconsideration of the issues.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

ROWE, RAY, and M.K. THOMAS, JJ., CONCUR.