IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LORI MICHELE HOYT, f/k/a
LORI MICHELE OPRY-HUBER,

Appellant,

v.

BRIAN ANDREW CHALKER,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-545

Opinion filed October 18, 2017.

An appeal from the Circuit Court for Jackson County.
Wade Mercer, Judge.

Mark V. Murray, Tallahassee, for Appellant.

Terry D. Bork, Law Offices of Terry D. Bork, Jacksonville, and H. Matthew Fuqua, Fuqua & Milton, P.A., Marianna for Appellee.

WINSOR, J.

Circuit judges constantly face tough choices in family law cases. Among their more difficult decisions is how to allocate timesharing between parents. In this case, a mother appeals one of those difficult decisions. The mother, appellant Lori Hoyt,

argues that the trial court should have allowed her to move her two young sons from Florida to Virginia, where the mother and her new husband now live. The trial court refused, finding it was not in the sons' best interests. Because we conclude the trial court acted within the limits of its broad discretion, we affirm. *See Raulerson v. Wright*, 60 So. 3d 487, 489 (Fla. 1st DCA 2011) (noting application of abuse-of-discretion standard).

Andrew Chalker and Lori Hoyt's ten-year marriage produced three children. Early on, the family lived in Hawaii, where Chalker served in the Navy. The family was still there in 2010 when the marriage ended. The Hawaii court's divorce decree provided that the couple's two sons would live with their father (Chalker) but spend half their summers and alternating major holidays with their mother. The father and the sons later moved to Marianna, Florida, and the mother moved to Virginia with the couple's daughter.[1] The Hawaiian judgment was eventually domesticated in Florida, where the mother filed the petition at issue.

The mother argued below that a move to Virginia was in the boys' best interests. She claimed that the father neglected the boys' unique medical needs by allowing one son's condition to relapse and refusing to provide the other son with appropriate medication. She also suggested that Virginia offered better educational

---

[1] The daughter is now an adult and was not part of the proceedings below.

2

opportunities than Marianna, and she offered testimony that the boys indicated they would prefer life in Virginia.

The trial court ultimately rejected Hoyt's arguments.[2] It concluded relocation was not in the boys' best interest, relying in large part on expert testimony that the children were well cared for in Florida and that relocation would harm their relationship with their father. The court also concluded that the boys would benefit from the stability their life in Marianna provided. The court considered the appropriate factors in evaluating the boys' best interests, and its detailed findings were supported by competent, substantial evidence. *See Arthur v. Arthur*, 54 So. 3d 454, 459 (Fla. 2010) ("[A] best interests determination in petitions for relocation . . . must be supported by competent, substantial evidence."). As in many other cases, reasonable judges might have ruled differently, but our task is only to determine whether the trial court acted outside of the broad discretion the law gives it. *See Miller v. Miller*, 842 So. 2d 168, 169 (Fla. 1st DCA 2003) ("It is well settled that a trial court has broad discretion in child custody matters, and its decision in that regard is reviewed for an abuse of discretion."). We find no abuse of discretion.

AFFIRMED.

BILBREY and M.K. THOMAS, JJ., CONCUR.

---

[2] The trial court did grant the mother's separate request for decision-making authority on healthcare issues. Neither party has challenged that aspect of the order.