# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3400
_____

MARCUS ROBERT BOWMAN,
Father,

    Appellant/Cross-Appellee,

    v.

LINDSEY MACLAREN HUTTO,
Mother,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Escambia County.
Terry D. Terrell, Judge.

March 28, 2019

PER CURIAM.

Marcus Robert Bowman (Father) appeals and Lindsey MacLaren Hutto (Mother) cross-appeals from a final judgment of paternity and other related relief. The Father raises a number of issues, all of which we reject without discussion. The Mother's sole argument on cross-appeal is that the trial court erred by ordering that the surname of the parties' two-year-old child be changed from Hutto to Bowman-Hutto. We agree.

The Mother named the child at birth.* At the final hearing, the parties stipulated to paternity and to adding the Father to the child's birth certificate. The Father requested the name change and testified that it would be in the child's best interest because his name should reflect an identity with both parents. The Mother opposed the name change, opining that a hyphenated name would harm the child because it would be associated with the stigma of being born to an unmarried mother. In ordering the name change, the trial court made no findings regarding the child's best interest.

A trial court's ruling to change a child's surname is reviewed for an abuse of discretion. *Neville v. McKibben*, 227 So. 3d 1270, 1273 (Fla. 1st DCA 2017). However, a name change is proper only where the record affirmatively shows that it is required for the welfare of the child. *Id.* The proponent of the name change carries the burden of proof, and conclusory assertions are insufficient. *Id.* A finding of paternity cannot be the sole basis for a name change. *Id.*

In *Hutcheson v. Taylor*, the trial court ordered that the child's surname be changed from that of the mother to that of both parents, separated by a hyphen, because under the law the parties are equal parents. 43 So. 3d 921, 922 (Fla. 1st DCA 2010). We reversed "[b]ecause the final order does not articulate how a name change is in the child's best interest and the record does not show that the name change is required for the welfare of the child." *Id.* We explained that it was the father's burden to prove that the name change he requested was in the child's best interest, but no evidence was presented on the issue. *Id.* Instead, the father made the speculative arguments that the mother would soon marry and could take her husband's surname, in which case the child's name would be different from that of either parent, and that not incorporating the father's surname into that of the child could send a negative message to the child about the mother's attitude about the father-child relationship. *Id.* at 922-23; *see also Neville*, 227

---

* Given that the Mother was not married at the time of the birth and was to have custody of the child, she was authorized pursuant to section 382.013(3)(c), Florida Statutes (2016), to select the child's given name and surname.

2

So. 3d at 1273 (reversing the final judgment that changed the child's surname to that of the father because the only evidence he presented in support was his own, self-serving testimony that he wished to carry on his family name and the trial court's finding that it would be more convenient for him and the child to have the same last name did not justify the name change); *Chamberlin v. Miller*, 47 So. 3d 381, 382 (Fla. 1st DCA 2010) (reversing the order changing the child's surname to that of the father because he failed to meet his burden of demonstrating that the name change was in the child's best interest where he merely wished for the child to carry on his family name, argued that it is customary for a child to take his father's name, and made the speculative assertion that the child may experience ridicule if he does not share a surname with his father).

Here, as in *Hutcheson*, the trial court did not explain how the name change is in the child's best interest, and the record does not affirmatively show that the name change is required for the welfare of the child. The Father's conclusory testimony that the child's name should reflect an identity with both parents is insufficient to prove that the name change is in the child's best interest. Thus, the trial court abused its discretion in ordering the name change. We reverse that aspect of the final judgment and remand with directions for the trial court to enter an amended judgment restoring the child's surname to that of Hutto.

Therefore, the final judgment is reversed as to the issue on cross-appeal only and the case is remanded for proceedings consistent with this opinion.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3

Marcus Robert Bowman, pro se, Appellant/Cross-Appellee.

Travis R. Johnson of Meador & Johnson, P.A., Pensacola, for Appellee/Cross-Appellant.