# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2648
_____

JENNIFER MCLENDON,

Appellant,

v.

RICHARD D'AMICO,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Daniel F. Wilensky, Judge.

April 5, 2019

PER CURIAM.

Jennifer McLendon and Richard D'Amico divorced in 2015. At the time, D'Amico was suffering from addiction, and the parties agreed that his visits with their minor child would be supervised. One year later, D'Amico petitioned for unsupervised time-sharing, alleging that he was no longer an addict and that shared custody was in the child's best interest. After hearing two days' worth of evidence, the trial court sided with D'Amico and modified the judgment. (It ordered, though, that D'Amico submit to continued drug testing.) McLendon now appeals, arguing that the amendment was not in the child's best interest and that the court overlooked evidence of D'Amico's continued problems.

Trial courts are afforded broad discretion in determining custody arrangements. *See Hoyt v. Chalker*, 228 So. 3d 697, 699 (Fla. 1st DCA 2017). Section 61.13, Florida Statutes, sets out

factors for consideration. *See Neville v. McKibben*, 227 So. 3d 1270, 1273 (Fla. 1st DCA 2017). And here, the court found that those factors supported awarding D'Amico unsupervised time-sharing. The court based its findings on, among other things, testimony that D'Amico had been sober for three years, remained active in recovery, and was a successful high-school teacher and coach. The court also considered expert testimony that D'Amico's addiction was in remission. Although McLendon disagrees with the court's findings and points to some contradictory evidence, the findings in the court's detailed order were supported by competent, substantial evidence. We therefore must affirm. *See Neville*, 227 So. 3d at 1273 ("As competent, substantial evidence exists to support the trial court's award of 50/50 timesharing and school address designation, it must be affirmed on appeal.").

AFFIRMED.

ROBERTS, KELSEY, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Stephanie A. Sussman of Bledsoe, Jacobson, Schmidt, Wright & Sussman, Jacksonville, for Appellant.

Stacey DeVall of the DeVall Firm, P.A., Jacksonville, for Appellee.